Buchanan Circuit Circuit Court

Case No.:CL25000894-00

CRIGGER, GEORGE Vs JEWELL COAL AND COKE CO, INC

TABLE OF CONTENTS


| Document Index | Date Filed | Page |
|---|---|---|
| INITIAL FILING - COM: | 11/13/2025 | 1 - 18 |
| OTHER - RECORDED IN DEED BOOK | 11/13/2025 | |
| SERVICE - JEWELL COAL AND COKE CO | 12/09/2025 | 19 - 21 |
| SERVICE - JEWELL COAL AND COKE CO | 01/07/2026 | 22 - 23 |
| NOTICE - DEF NOTICE OF REMOVAL | 01/21/2026 | 24 - 85 |
| RECEIPT 11/13/2025 10:31:15 AM.pdf | | 86 - 86 |
| RICHMOND CITY - COMPLAINT - NOT SERVED - JEWELL COAL AND COKE CO | 11/13/2025 | 87 - 92 |
| RICHMOND CITY - COMPLAINT - JEWELL COAL AND COKE CO | 12/10/2025 | 93 - 94 |


CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED

FEB 04 2026

LAURA A. AUSTIN, CLERK
BY: K. Campbell
DEPUTY CLERK

VIRGINIA:

IN THE BUCHANAN COUNTY CIRCUIT COURT

GEORGE CRIGGER and
KATHY CRIGGER.

Plaintiffs,

v.

JEWELL COAL AND COKE COMPANY, INC.,

Defendants,

Case No. 25-894

RECEIVED AND FILED
13 day of November, 2025
10:30 o'clock AM
Beverly S. Tiller, Clerk
Circuit Court of Buchanan County, Virginia
Beverly S. Tiller
Clerk

Serve: Corporation Service Company
Registered Agent
100 Shockoe Slip, Floor 2
Richmond, VA 23219

**COMPLAINT**

Now Come George Crigger and Kathy Crigger (sometimes hereafter collectively the "Plaintiffs"), by counsel, and for their Complaint against the Defendant, Jewell Coal and Coke Company, Inc. ("Jewell"), state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to Virginia Code § 17.1-513, which grants the Circuit Court original and general jurisdiction of all civil cases except those specifically assigned to other tribunals.

2. Venue is proper in this Court pursuant to Virginia Code § 8.01-261(a)(1) and (2) as the Plaintiffs reside in, and Jewell regularly conducts business in Buchanan County, Virginia.

**PARTIES**

3. George Crigger is a resident of Buchanan County, Virginia. Mr. Crigger was employed by Jewell for 34 years and 10 months and retired from the company on March 31, 2009.

4. Kathy Crigger is a resident of Buchanan County, Virginia. Mrs. Crigger is married

to George Crigger.

5. Jewell is a Virginia Stock Corporation with its principal place of business located at 1101 Warrenville Rd., Suite 600, Lisle, IL 60532. Jewell owned and operated non-union coal and coke operations in Buchanan County, Virginia and employed George Crigger for 34 years and 10 months.

## FACTUAL ALLEGATIONS

6. George Crigger worked as a dedicated and loyal employee of Jewell for 34 years and 10 months.

7. When George Crigger was hired by Jewell, he was promised lifetime medical benefits for himself and his dependent(s) if he retired from the company after he attained the age of fifty-five (55) with fifteen (15) years of service.

8. Jewell used the promise of lifetime medical benefits as a major recruiting and retention tool due to the heavy competition for employees throughout the coal industry, especially because Jewell was non-union and had to compete with union-controlled operations that offered similar guarantees.

9. The promise of lifetime medical benefits to qualified retirees was confirmed by sworn declarations of Charles Earl Ellis, former President of Jewell Smokeless Coal Corporation, Jewell Coal and Coke Company and Dominion Coal Corporation (collectively the "Jewell Companies"); Charles Wayne Pruitt, former Director of Operations for the Jewell Companies; James Lee Keen, former Director of Human Resources for the Jewell Companies; and Michael Gary Prater, former Director of Human Resources for the Jewell Companies. The Affidavits of Charles Earl Ellis, Charles Wayne Pruitt, James Lee Keen and Michael Gary Prater are attached hereto and incorporated herein as **Exhibits A, B, C** and **D**, respectively.

10. With this explicit promise and guarantee of lifetime medical benefits, among other retirement benefits, George Crigger retired from Jewell on March 31, 2009.

11. Plaintiffs fulfilled all conditions required to receive the promised benefits and thereafter, Jewell provided them with employer-sponsored health insurance.

12. Several years later during a corporate transition, Jewell decided to cap the legacy costs of the retiree health insurance program and elected to pay each retiree and their qualified dependent an annual subsidy to obtain equivalent or secondary coverage through the private insurance marketplace.

13. Plaintiffs were not consulted about the change but did not object to the subsidy in lieu of receiving employer-sponsored health insurance as it guaranteed continued health insurance coverage at the same benefit level, as promised by Jewell.

14. Jewell provided the subsidy to the Plaintiffs for almost a decade.

15. In December of 2024, Jewell notified Plaintiffs that it would slash the subsidy to an amount far below the actual market cost to obtain equivalent health insurance coverage.

16. The December 2024 notice stated that it was bringing the subsidy in line with "market prices" and that the subsidy it had provided for more than a decade would be slashed by more than half, despite the fact that the cost of obtaining health insurance has skyrocketed.

17. Jewell's unilateral and unjustified breach of its explicit promise to provide lifetime medical benefits has caused George and Kathy Crigger to be unable to afford equivalent health insurance coverage, and their continued treatment and care is now in jeopardy.

18. As a direct and proximate cause of Jewell's unilateral breach, George and Kathy Crigger have suffered and will continue to suffer damages.

## COUNT I – BREACH OF CONTRACT

19. Plaintiffs reallege the allegations contained in Paragraphs 1 through 18 as if fully restated herein.

20. Jewell entered into a valid and enforceable contract with George Crigger to provide him and his dependent spouse with lifetime medical benefits with coverage equal to or greater than the benefits offered to current employees as of the date of his retirement.

21. George Crigger fulfilled all obligations required of him under the contract and retired from Jewell as a direct result of the promises made to him by the company.

22. Jewell unilaterally breached the contract by terminating the promised lifetime medical benefits after providing them for approximately sixteen (16) years.

23. As a direct and proximate cause of Jewell's breach, George and Kathy Crigger have suffered and will continue to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that:

a. The Court enter judgment in favor of George and Kathy Crigger, jointly, in the amount of Forty Thousand Dollars ($40,000.00) for Jewell's unilateral breach of its contract; and

b. George and Kathy Crigger be awarded their costs of this action; and

c. For such other and further relief as the Court deems justified and appropriate.

**A TRIAL BY JURY IS REQUESTED ON ALL ISSUES SO TRIABLE**

GEORGE CRIGGER and
KATHY CRIGGER

By Counsel

Jason D. Gallagher, Esq., (VSB No. 82125)
GALLAGHER LAW FIRM, PLLC
102 Court St. N.E., Suite 201
Abingdon, Virginia 24210
(276) 244-7495 – Telephone
(276) 200-0130 – Fax
jason@gallagherlawva.com

*Counsel for Plaintiffs*

RECEIVED AND FILED
13 day of November, 2025
10:30 o'clock AM
Beverly S. Tiller, Clerk
Circuit Court of Buchanan
County, Virginia
[signature]
Clerk

**AFFIDAVIT**

COMMONWEALTH OF VIRGINIA
COUNTY OF WASHINGTON, to-wit:

Your Affiant, Charles Earl Ellis, after having been duly sworn, declares as follows under the penalty of perjury:

1. My name is Charles (Charlie) Earl Ellis.

2. I am over the age of eighteen (18) years old.

3. I currently reside at 23345 Harbor Light Circle, Abingdon, VA 24211.

4. I am currently retired after spending forty (40) plus years in coal mining and coke manufacturing managerial positions.

5. I presently serve on the Board of Directors of a regional bank operating in Virginia, Tennessee and North Carolina.

6. I am a registered professional engineer in the Commonwealth of Virginia.

7. I have worked for U.S. Steel Corporation, Island Creek Coal Corporation, Consol Energy, Pittson, TVA, Sun Coal and SunCoke Energy.

8. I was President of Jewell Coal & Coke Company, Jewell Smokeless Coal Corporation and Dominion Coal Corporation (collectively the "Jewell Companies") from May 1988 until August 2004. From September 2007 until August 2010, I served as Senior Vice President, Commercial, for SunCoke Energy. The departments reporting to me at Jewell included Coal Mining Operations, Coke Manufacturing Operations, Human Resources, Safety, Engineering and Accounting.

9. I came to work for the Jewell Companies because of several factors; namely the retirement benefits offered, including lifetime medical benefits for eligible employees who were



EXHIBIT A

fifty-five years of age with fifteen (15) years of service, excellent pay and a generous pension contribution plan of up to fifteen percent (15%) of your annual salary.

10. I have personal knowledge that lifetime medical benefits were promised to employees who worked for the Jewell Companies for fifteen (15) years and who attained the age of fifty-five (55) years as of the date of retirement.

11. Although the benefits plan was put into place prior to my employment with the Jewell Companies, I never saw the need to change the benefits during my time as President of the Jewell Companies. The benefits package helped the Jewell Companies remain union free and competitive with other companies and the UMWA.

12. The foregoing statements are true and accurate to the best of my knowledge and belief.

Charles Earl Ellis
CHARLES EARL ELLIS

The foregoing Affidavit was subscribed and sworn to before me, a Notary Public, by Charles Earl Ellis on this 29th day of Sept, 2025.

Samantha Bishop
Notary Public

My Commission Expires: 2/28/27

Registration No.: 7813905

SAMANTHA L BISHOP NOTARY PUBLIC REG. #7813905 MY COMMISSION EXPIRES 02/28/27 COMMONWEALTH OF VIRGINIA

Page 2 of 2

RECEIVED AND FILED
13 day of November, 2025
10:30 o'clock AM
Beverly S. Tiller, Clerk
Circuit Court of Buchanan
County, Virginia
Clerk

# AFFIDAVIT

COMMONWEALTH OF VIRGINIA
COUNTY OF BUCHANAN, to-wit:

Your Affiant, Charles Wayne Pruitt, after having been duly sworn, declares as follows under the penalty of perjury:

1. My name is Charles Wayne Pruitt.

2. I am over the age of eighteen (18) years old.

3. I currently reside at 101 Sunnlylea Drive, Richlands, VA 24641.

4. I am currently retired.

5. I retired from Jewell Coal and Coke in March 2010.

6. At the time of my retirement, I oversaw the coke operation at Jewell as well as the coal preparation and coal mining operations. I was a member of the management team and was considered the most knowledgeable with respect to the operating procedures. As part of my job duties, I traveled to other coke plants across the United States to help them develop best practices.

7. In early March 2010, I attended a management meeting in Knoxville, TN at the headquarters of SunCoke Energy. Present at the meeting was my boss, Mike White, as well as Rick Waddell and JP Richardson.

8. During the March 2010 management meeting, I was informed that the company wanted to promote me to General Manager of Jewell Coal and Coke.

9. During the March 2010 management meeting, I was also informed of changes to the Jewell Coal and Coke benefit package. The changes consisted of a reduction in profit sharing from a maximum of 15% down to 3%, with the company contributing up to 6% matching for



EXHIBIT B

employees; increased employee contributions to monthly insurance premiums; and employees over the age of fifty-five (55) years old with fifteen (15) years of service who did not retire by the end of 2010 forfeiting their right to lifetime medical benefits.

8. I told Mike White to hold off on announcing my promotion and that I would get back to him with a decision on whether I would accept the new position.

9. The next morning, I emailed Mike White and informed him that I would retire at the end of the month.

10. I retired because I would have forfeited my right to lifetime medical benefits as I was over the age of fifty-five (55) with at least fifteen (15) years of service. The lifetime medical benefits were too valuable to give up.

11. In my personal experience and through the various management positions with the Jewell Companies, I have personal knowledge that lifetime medical benefits were promised to employees who worked for the Jewell Companies for fifteen (15) years and who attained the age of fifty-five (55) years as of the date of retirement.

12. I have personal knowledge that numerous employees retired as a direct result of this change in policy to retain lifetime medical coverage.

13. Since my retirement in late March 2010 and until January 2025, I have received either employer-sponsored health insurance or a stipend to purchase equivalent coverage through the private insurance market.

14. The foregoing statements are true and accurate to the best of my knowledge and belief.

Charles Wayne Pruitt
CHARLES WAYNE PRUITT

The foregoing Affidavit was subscribed and sworn to before me, a Notary Public, by Charles Wayne Pruitt on this 22 day of September, 2025.

Rhonda Nease
Notary Public

My Commission Expires: 11-30-2026

Registration No.: 342393

RHONDA NEASE
NOTARY PUBLIC
REG. #342393
MY COMMISSION EXPIRES
11-30-26
COMMONWEALTH OF VIRGINIA

RECEIVED AND FILED
13 day of November, 20 25
10:30 o'clock AM
Beverly S. Tiller, Clerk
Circuit Court of Buchanan
County, Virginia
Beverly S. Tiller
Clerk

**AFFIDAVIT**

COMMONWEALTH OF VIRGINIA
COUNTY OF BUCHANAN, to-wit:

Your Affiant, James Lee Keen, after having been duly sworn, declares as follows under the penalty of perjury:

1. My name is James Lee Keen.

2. I am over the age of eighteen (18) years old.

3. I currently reside at 1137 Sandy Valley Lane, Vansant, VA 24656.

4. I am currently employed as the Executive Director of the Breaks Regional Airport Authority in Grundy, VA.

5. I graduated from Pikeville College in 1968 with a BS in Business and Marshall University with a MA in Management and Safety.

6. I began working for Jewell Smokeless Coal Corporation in May 1974 as a management trainee assigned to the Safety Department. My job duties included processing and handling MSHA safety violations, including representing the company before administrative law judges.

7. In 1975, I was promoted to Hiring Manager for Jewell Smokeless Coal Corporation, Jewell Coal and Coke Company, Vansant Coal Corporation and Dominion Coal Corporation (collectively the "Jewell Companies").

8. In 1976, I was promoted to Manager of Human Resources for the Jewell Companies.



EXHIBIT C

9. As the Human Resources Director, my responsibilities included hiring, employee benefits, self-insured workers' compensation, company security, lobbying the Virginia Legislature on bills impacting the Jewell Companies, public relations and special events.

10. In my personal experience and through the various management positions with the Jewell Companies, I have knowledge that lifetime medical benefits were promised to employees who worked for the Jewell Companies for fifteen (15) years and who attained the age of fifty-five (55) years as of the date of retirement. Providing lifetime medical benefits and life insurance was a necessity to attract and retain employees as competitors of the Jewell Companies provided lifetime benefits, primarily through the United Mine Workers of America.

11. I have personal knowledge that the Jewell Companies' communications stressed the value of health insurance. I attended numerous worksite meetings with employees explaining the Jewell Companies' commitment to providing competitive wages and lifetime medical benefits to eligible retirees.

12. I retired from the Jewell Companies in 2001. At that time, I was hired as a contractor by Charlie Ellis, President of the Jewell Companies, to continue Lobbying the Virginia Legislature and assist the Human Resources department as needed. I continued in this contracting role for approximately nine (9) years.

13. In 2010, Gary Prater retired as the Human Resources Director, and I was asked to assume the responsibilities as Director again.

14. During this period of employment, I was invited to a meeting at SunCoke headquarters in Lisle, IL and was honored with a Leadership Award in appreciation of my leadership and continued support.

15. Since my retirement from the Jewell Companies in 2001and until January 2025, I have received either employer-sponsored health insurance or a stipend to purchase equivalent coverage through the private insurance market.

16. The foregoing statements are true and accurate to the best of my knowledge and belief.

JAMES LEE KEEN

The foregoing Affidavit was subscribed and sworn to before me, a Notary Public, by James Lee Keen on this 19 day of September, 2025.

Notary Public

My Commission Expires: 05-31-2027

Registration No.: 8056946

RECEIVED AND FILED
13 day of November, 2025
10:30 o'clock AM
Beverly S. Tiller, Clerk
Circuit Court of Buchanan
County, Virginia
Clerk

**AFFIDAVIT**

COMMONWEALTH OF VIRGINIA
COUNTY OF BUCHANAN, to-wit:

Your Affiant, Michael G. Prater, after having been duly sworn, declares as follows under the penalty of perjury:

1. My name is Michael G. Prater.

2. I am over the age of eighteen (18) years old.

3. I currently reside at 21374 Riverside Drive, Grundy, VA 24614.

4. I am currently employed as the Director of Risk Management and Security for Wellmore Coal Company in Grundy, VA.

5. I began working for Dominion Coal Company in 1977.

6. In 1979, I transferred to the Jewell Smokeless division as Management Trainee/Safety Inspector.

7. In 1980, I was promoted to the position of Personnel Officer.

8. In my position as Personnel Officer, I was responsible for hiring and workers' compensation management for Jewell Smokeless Coal Corporation, Jewell Coal and Coke Company and Dominion Coal Corporation (collectively the "Jewell Companies").

9. As the Personnel Officer, I was responsible for recruitment, hiring, explanation of benefits, company policies and on-boarding, including training.

10. In 1992, I was promoted to Manager of Workers' Compensation and Personnel.

11. In this position, I managed all workers' compensation claims and benefits as well as personnel recruitment, benefits management, hiring and on-boarding.



EXHIBIT D

12. In 2001, I was promoted to Manager of Human Resources for the Jewell Companies.

13. In this position, I managed the overall human resource program including recruitment, hiring, training, benefits programs, compliance, payroll, workers' compensation and performance evaluations.

14. In my personal experience and through the various management positions with the Jewell Companies, I have personal knowledge that lifetime medical benefits were promised to employees who worked for the Jewell Companies for fifteen (15) years and who attained the age of fifty-five (55) years as of the date of retirement. The promise of lifetime medical benefits (for eligible employees) was a major recruiting and retention tool used by the Jewell Companies due to the heavy competition for employees throughout the coal industry, especially because the Jewell Companies were non-union and had to compete with union-controlled operations.

15. In 2010, the new corporate management of the Jewell Companies informed the employees that they were changing the existing benefits coverage and that any employee who was retirement eligible (15 years of service and 55 years of age) had to retire by December 2010 to retain promised benefits, including lifetime medical coverage.

16. As a result of this new policy and to retain the lifetime medical benefits I was promised, I retired from the Jewell Companies in September 2010 with full retirement benefits including lifetime medical coverage.

17. I have personal knowledge that numerous employees retired as a direct result of this change in policy to retain lifetime medical coverage.

18. Since my retirement from the Jewell Companies in September 2010 and until January 2025, I have received either employer-sponsored health insurance or a stipend to purchase equivalent coverage through the private insurance market.

19. The foregoing statements are true and accurate to the best of my knowledge and belief.

[signature]
MICHAEL G. PRATER

The foregoing Affidavit was subscribed and sworn to before me, a Notary Public, by Michael G. Prater on this 8 day of October, 2025.

[signature: Leshia G. Bell]
Notary Public

LESHIA G. BELL NOTARY PUBLIC REG. # 354214 COMMONWEALTH OF VIRGINIA

My Commission Expires: April 30, 2028

Registration No.: 354214

# COVER SHEET FOR FILING CIVIL ACTIONS

COMMONWEALTH OF VIRGINIA

Case No. 25-894
(CLERK'S OFFICE USE ONLY)

Buchanan County Circuit Court

George Crigger v./In re: Jewell Coal and Coke Company, Inc.
Kathy Crigger
PLAINTIFF(S) DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [x] attorney for [x] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL

**Subsequent Actions**

[ ] Claim Impleading Third Party Defendant
- [ ] Monetary Damages
- [ ] No Monetary Damages

[ ] Counterclaim
- [ ] Monetary Damages
- [ ] No Monetary Damages

[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court

**Business & Contract**

[ ] Attachment
[ ] Confessed Judgment
[x] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment

**Property**

[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
- [ ] Unlawful Detainer

[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights

**Tort**

[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[ ] Other General Tort Liability

## ADMINISTRATIVE LAW

[ ] Appeal/Judicial Review of Decision of (select one)
- [ ] ABC Board
- [ ] Board of Zoning
- [ ] Compensation Board
- [ ] DMV License Suspension
- [ ] Employee Grievance Decision
- [ ] Employment Commission
- [ ] Local Government
- [ ] Marine Resources Commission
- [ ] School Board
- [ ] Voter Registration
- [ ] Other Administrative Appeal

## DOMESTIC/FAMILY

[ ] Adoption
- [ ] Adoption – Foreign

[ ] Adult Protection
[ ] Annulment
- [ ] Annulment – Counterclaim/Responsive Pleading

[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
- [ ] Complaint – Contested*
- [ ] Complaint – Uncontested*
- [ ] Counterclaim/Responsive Pleading
- [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution

[ ] Separate Maintenance
- [ ] Separate Maintenance Counterclaim

## WRITS

[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS

[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
- [ ] Guardian/Conservator
- [ ] Standby Guardian/Conservator
- [ ] Custodian/Successor Custodian (UTMA)

[ ] Trust (select one)
- [ ] Impress/Declare/Create
- [ ] Reformation

[ ] Will (select one)
- [ ] Construe
- [ ] Contested

## MISCELLANEOUS

[ ] Amend Birth/Death Certificate
[ ] Appointment (select one)
- [ ] Church Trustee
- [ ] Conservator of Peace
- [ ] Marriage Celebrant

[ ] Approval of Transfer of Structured Settlement
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
- [ ] Reinstatement pursuant to § 46.2-427
- [ ] Restoration – Habitual Offender or 3rd Offense

[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of Property or Money
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
- [ ] Correct Erroneous State/Local
- [ ] Delinquent

[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify)

[x] Damages in the amount of $ 40,000.00 are claimed.

11/4/2025
DATE

[signature]
[ ] PLAINTIFF [ ] DEFENDANT [x] ATTORNEY FOR [x] PLAINTIFF [ ] DEFENDANT

Jason D. Gallagher, Esq.
PRINT NAME

102 Court St. NE, Suite 201 Abingdon, VA 24210
276-244-7496
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

jason@gallagherlawva.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 02/23

Gallagher
LAW FIRM, PLLC

**Jason D. Gallagher, Esq.**
T: 276.244.7495 | F: 276.200.0130
jason@gallagherlawva.com

Gallagher Law Firm, PLLC
102 Court St. NE, Suite 201
Abingdon, Virginia 24210

November 4, 2025

RECEIVED AND FILED
13 November 2025
10:30 AM
Clerk

Beverly Tiller, Clerk
Buchanan County Circuit Court
1012 Walnut Street
Grundy, VA 24614

Re: George Crigger and Kathy Crigger v.
Jewell Coal and Coke Company, Inc.
Our File No. 10343-25

Dear Mrs. Tiller:

Please find enclosed a Complaint together with a check in the amount of $138.00 to cover the filing and service of process fees associated therewith. I ask that you prepare the Summons and forward the documents to the Sheriff for service of process on the defendant.

As always, should you have any questions or concerns, please do not hesitate to contact me.

Regards,

Jason D. Gallagher

Enclosures

cc: George and Kathy Crigger

# CITY OF RICHMOND

## OFFICE OF THE SHERIFF

1701 FAIRFIELD WAY
RICHMOND, VIRGINIA 23223
ANTIONETTE V. IRVING, PHD - SHERIFF

We are returning the enclosed _✓_Court Paper(s) _11 services_ Document(s) _____Check(s) for the reason checked below.

___We do not serve P.O. Box numbers. A street address is needed for service.

___Address given does not exist in the City of Richmond.

___Proof of service sheet or copy upon which to make a return needs to be attached to Circuit Court papers.

____Service copy needed for service.

___$12.00 Sheriff's fee needed per document.

___$28.00 fee is needed for each defendant. Payment made payable to the Division of Motor Vehicles.

___$28.00 fee is needed for service. Payment made payable to the Secretary of the Commonwealth.

___$30.00 fee is needed for each defendant. Payment made payable to the State Corporation Commission.

___All sheriff's fees for General District, Juvenile & Domestic Relations and Circuit Courts are paid through the appropriate court, not through the Sheriff's Office.

___We do not send out or have a mailing list for auctions. All auctions are listed in the Richmond Sunday Times-Dispatch Classified section.

___Business does not exist at the indicated address.

___We do not serve papers marked "Third Party Service".

_✓_Other _No Complaint attached. - Unable to serve-_

Returned by: _Dep E. Lee_ Date: _11-26-2025_

RETURNED AND FILED
_9th_ day of _Dec._ 20_25_
_4:56_ o'clock _pm_
Beverly S. Tiller, Clerk
Circuit Court of Buchanan County, Virginia
_Beverly S. Tiller_
Page 15

# COMMONWEALTH OF VIRGINIA

BUCHANAN CIRCUIT COURT
Civil Division
PO BOX 929
GRUNDY VA 24614
(276) 935-6567

SHERIFF'S OFFICE
2025 NOV 25 AM 10: 31
CIVIL PROCESS

Proof of Service

Virginia:
In the BUCHANAN CIRCUIT COURT

Case number: 027CL25000894-00
Service number: 004
Service filed: November 13, 2025
Judge:

Served by: RICHMOND CITY
Style of case: GEORGE CRIGGER vs JEWELL COAL AND COKE CO, INC
Service on: JEWELL COAL AND COKE CO
CORPORATION SERVICE CO
REGISTERED AGENT
100 SHOCKOE SLIP
FLOOR 2
RICHMOND VA 23219

Attorney:

Instructions:

Returns shall be made hereon, showing service of Summons issued Thursday, November 13, 2025 with a copy of the Complaint filed Thursday, November 13, 2025 attached.

Hearing date :
Service issued: Thursday, November 13, 2025

For Sheriff Use Only

# COMMONWEALTH OF VIRGINIA

BUCHANAN CIRCUIT COURT
Civil Division
PO BOX 929
GRUNDY VA 24614
(276) 935-6567

Summons

To: JEWELL COAL AND COKE CO
CORPORATION SERVICE CO
REGISTERED AGENT
100 SHOCKOE SLIP
FLOOR 2
RICHMOND VA 23219

Case No. 027CL25000894-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on,Thursday, November 13, 2025

Clerk of Court: BEVERLY S. TILLER

by Donita Allen
(~~CLERK~~/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:

# COMMONWEALTH OF VIRGINIA

BUCHANAN CIRCUIT COURT
Civil Division
PO BOX 929
GRUNDY VA 24614
(276) 935-6567

2025 DEC 23 PM 2:21
CIVIL PROCESS

## Proof of Service

Virginia:
In the BUCHANAN CIRCUIT COURT

Case number: 027CL25000894-00
Service number: 005
Service filed: November 13, 2025
Judge:

Served by: RICHMOND CITY
Style of case: GEORGE CRIGGER vs JEWELL COAL AND COKE CO, INC
Service on: JEWELL COAL AND COKE CO
CORPORATION SERVICE COMPANY
REGISTERED AGENT
100 SHOCKOE SLIP
FLOOR 2
RICHMOND VA 23219

Attorney:

Instructions:

Returns shall be made hereon, showing service of Summons issued Wednesday, December 10, 2025 with a copy of the Complaint filed Thursday, November 13, 2025 attached.

Hearing date :
Service issued: Wednesday, December 10, 2025

For Sheriff Use Only

RETURNED AND FILED
7th day of Jan 2026
1:18 o'clock PM
Beverly S. Tiller, Clerk
Circuit Court of Buchanan
County, Virginia
[signature]
Clerk

NAME ___ NAME & ADDRESS SAME AS FRONT

☑ PERSONAL SERVICE
Being unable to make personal service, a copy was delivered in the following manner:

☐ Delivered to person found in charge of usual place of business or employment during business hours and giving information to its purport.

☐ Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above giving information of its purport. List name, age of recipient and relation of recipient to party named above.

☐ Posted on the front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

☐ Served on officer or managing employee who is not an officer of the corporation.

☐ Evicted ☐ Not Evicted

☑ Served on registered agent ☐ Affidavit attached

☐ Not found

☐ NO EFFECTS FOUND

Rep. E. Lee
DEPUTY SHERIFF
FOR
Sheriff Antionette V. Irving

DEC 29 2025
DATE

# CERTIFICATE
# OF
# CORPORATION SERVICE COMPANY

**THIS CERTIFICATE MADE** pursuant to Subsection 2(b) of Section 13.1-634, Subsection 2(b) of Section 13.1-763, Subsection 2(b) of Section 13.1-1015 and Section 50-73.4 of the Virginia Code.

**CORPORATION SERVICE COMPANY**, a corporation authorized to do business in the Commonwealth of Virginia, does hereby certify that:

1. It is incorporated under the Laws of the State of Delaware and was authorized to do business in Virginia on June 1, 2001.

2. (a) It maintains a business office in the Commonwealth of Virginia at 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219.

   (b) Service of process may be made at such business office in the City of Richmond upon corporations, limited liability companies, partnerships, trusts and other entities, associations and persons which have designated it as agent for service of process.

   (c) The names of the individuals authorized to receive process served upon Corporation Service Company as the agent for service of process of any corporations, limited liability companies, partnerships, trust and other entities. associations and persons which have designated it as such agent are:

Beverley L. Crump — Served: Rene Nordquist
Dustin Kline — Sarah White
Katelyn VanBuren

**WHEREFORE**, Corporation Service Company has caused its corporate name to be hereunto subscribed this 22nd day of October 2024.

CORPORATION SERVICE COMPANY

By: ______________________
Executive Vice President

STATE OF DELAWARE
COUNTY OF NEW CASTLE

The foregoing instrument was acknowledged before me this 22nd day of October 2024, by George Massih

______________________
Notary Public

My Commission Expires: 5-18-2026

JANET B. WOZNICKI
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires 05-18-2026

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **GEORGE CRIGGER and KATHY CRIGGER,** | ) | |
| **Plaintiffs,** | ) | **Case No.** |
| **v.** | ) | |
| **JEWELL SMOKELESS COAL CORPORATION,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant, Jewel Smokeless Coal Corporation ("Defendant"), by and through undersigned counsel, hereby removes to this Court the above-captioned action filed by Plaintiffs George Crigger and Kathy Crigger ("Plaintiffs") in the Circuit Court of Buchanan County, Virginia. In support of its Notice of Removal, Defendant states as follows:

1. On November 13, 2025, Plaintiffs filed a Complaint against Defendant in the Circuit Court of Buchanan County, Virginia, styled *George Crigger and Kathy Crigger v. Jewell Smokeless Coal Corporation*, Case No. 027CL25000894-00 (hereafter the "State Court Action").

2. Defendant was served with Plaintiffs' Complaint on December 29, 2025. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the process, pleadings, document and orders which have been served upon Defendant is attached hereto as **Exhibit 1.**

3. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty (30) days after receipt by Defendant of a copy of the initial pleadings setting forth the claims for relief upon which this action is based.

21st Jan 26
8:30 Am

County, Virginia
Donita Allen
Deputy Clerk

4. Defendant has not filed an answer or other responsive pleading in the State Court Action, and no previous application has been made for relief requested herein.

5. The venue of this removal action is proper pursuant to 28 U.S.C. § 1441(a) as this Court is the federal district court embracing the Circuit Court of Buchanan County, Virginia, where the State Court Action was filed.

6. Federal law allows for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over civil actions that arise under the Constitution or laws of the United States, 28 U.S.C. § 1331.

7. While the "well-pleaded complaint" rule generally disallows removal based on an affirmative defense, the Supreme Court has nonetheless made clear that "'when a federal statute wholly displaces the state-law cause of action through complete pre-emption,' the state claim can be removed." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004). "This is so because 'when the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.'" *Id.* This principle applies here.

8. This Court possesses original subject matter jurisdiction over claims brought against Defendant under 28 U.S.C. § 1331 because Plaintiffs' state law claims—all of which deal directly with the denial of retiree health benefits—turn on Defendant's administration of a plan covered by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*

9. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or

actively affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan is defined as a "welfare benefit plan" or a "pension benefit plan." 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "*was established or is maintained for the purpose of providing for its participants or their beneficiaries*, through the purchase of insurance or otherwise…*medical, surgical, or hospital care or benefits, or benefits in the event of sickness*, accident, disability, death or unemployment…." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plan omitted) (emphasis added).

10. Plaintiffs allege that they were "promised lifetime medical benefits for himself and his dependent(s) if he retired from the company after he attained the age of fifty-five (55) with fifteen (15) years of service." State Court Action, Complaint at ¶ 7. Plaintiffs further allege that they "fulfilled all conditions required to receive the promised benefits and thereafter, Jewell provided them with *employer-sponsored health insurance*." *Id.* at ¶ 11 (emphasis added). Plaintiffs' sole count is a breach of contract claim alleging that "Jewell entered into a valid and enforceable contract with George Crigger to provide him and his dependent spouse with lifetime medical benefits with coverage equal to or greater than the benefits offered to current employees as of the date of his retirement." *Id.* at ¶ 20.

11. Plaintiffs do not identify the Plan in his Complaint. However, on August 13, 2025, their counsel, in connection with a pre-suit demand letter, provided Defendant with a "Summary of Benefits," which counsel claims support Plaintiffs' claims. *See* **Exhibit B** (Summary of Coverage) and **Exhibit C** (correspondence between Plaintiffs' and Defendant's counsel indicating use of this document).

12. The Summary of Coverage contains numerous references to ERISA indicating that it relates to an ERISA-governed plan, including a statement regarding claims procedures and a statement of a participant's rights under ERISA. *See, e.g.*, Ex. B pp. 6-7.

13. To determine whether claims arise under the laws of the United States, "courts typically use the 'well-pleaded complaint rule,' which focuses on the allegations of the complaint." *Prince v. Sears Holdings Corp.*, 848 F.3d 173, 177 (4th Cir. 2017) (internal citations omitted). However, "an exception to the well-pleaded complaint rule occurs when a federal statute completely preempts state law causes of action." *Id.*

14. ERISA Section 502(a), the statute's civil enforcement provision (codified at 29 U.S.C. § 1132(a)), "has the potential to preempt state law causes of action." *Prince* at 177. "When a complaint contains state law claims that fit within the scope of ERISA's § 502 enforcement provision...the action can be removed to federal court." *Darcangelo v. Verizon Communs., Inc.*, 292 F.3d 181, 194-95 (4th Cir. 2002).

15. The Fourth Circuit has held that ERISA Section 502(a) completely preempts a state law claim when the following three prong test is met: "(1) the plaintiff must have standing under § 502(a) to pursue its claim; (2) the plaintiff must 'fall[] within the scope of an ERISA provision that [he] can enforce via § 502(a)'; and (3) the claim must not be capable of resolution 'without an interpretation of the contract governed by federal law,' i.e., an ERISA-governed employee benefit plan." *Prince* at 177 (citing *Sonoco Prods. Co. v. Physicians Health Plan, Inc.*, 338 F.3d 366, 372 (4th Cir. 2003). As shown below, the prongs of this test are met, and ERISA completely preempts Plaintiffs' state law claim for breach of contract.

16. Plaintiffs satisfy the first prong of the complete preemption test because the claim to recover benefits allegedly owed to him by his former employer could have been brought under

ERISA § 502(a)(1)(B). That section states in relevant part that an action may be brought "by a participant or beneficiary…to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan or to clarify his rights for future benefits under the terms of the plan[.]" *Id.*

17. As a participant in an ERISA-governed Plan, Plaintiffs could have brought this claim under ERISA § 502(a)(1)(B). As such, Plaintiffs have standing.

18. Plaintiffs satisfy the second prong of the complete preemption test because the claims fall within an enforceable provision under ERISA, specifically ERISA § 502(a)(1)(B). The Fourth Circuit has held that "an action to enforce the terms of a contract, when that contract is an ERISA plan, is of necessity an alternative enforcement mechanism for ERISA § 502 and is therefore related to an ERISA plan and preempted by [ERISA] § 514." *Darcangelo* at 194-95 (citing *Aliff v. BP America Inc.*, 26 F.3d 486 (4th Cir. 1994)).

19. In *Darcangelo*, the Court found, in relevant part, that Plaintiffs' state law breach of contract claim was merely an alternative enforcement mechanism to ERISA Section 502 and therefore was completely preempted as it could be enforced under ERISA 502(a)(1)(B). *Id.*

20. Plaintiffs' breach of contract claim here is no different. As noted above, ERISA provides the appropriate mechanism for Plaintiffs' claim and the State Court Action is merely an alternative enforcement mechanism.

21. Plaintiffs satisfy the third prong of the complete preemption test because the terms of an ERISA-governed Plan, including any amendments and reservations of rights provisions, are central to Plaintiffs' claims and will require interpretation by the Court.

22. As noted above, Plaintiffs' allegations are informed by the Summary of Coverage Plaintiffs say support their claim. Specifically, their counsel noted that the Summary of Coverage,

which specifically references ERISA, "outlines the eligibility for lifetime medical benefits for retirees and their dependent spouses," including his clients. *See* Ex. C; *see also*, Complaint ¶¶ 7-10, 20.

23. Likewise, the Summary of Coverage contains numerous references to ERISA including a statement regarding claims procedures and a statement of a participant's rights under ERISA. *See, e.g.*, Ex. B pp. 6-7. The interpretation of this document and other Plan documents is central to Plaintiffs' claims and resolution will not be possible without the interpretation of these documents.

24. Accordingly, Plaintiffs' Complaint establishes that Plaintiffs' claims are subject to ERISA, and this matter is removable to this Court under the Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).

25. Defendant submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs or conceding that Plaintiffs have pleaded any claims upon which relief may be granted.

26. Pursuant to 28 U.S.C. § 1446(d), and contemporaneous with Defendant's filing of this Notice of Removal in this Court, Defendant is serving a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Buchanan County, Virginia and also serving a copy on Plaintiffs' counsel of record. A copy of the notification is attached hereto as **Exhibit D**.

27. A copy of the Civil Cover Sheet completed in connection with this action is also attached hereto.

WHEREFORE, Defendant respectfully requests that the State Court Action be removed from the Circuit Court of Buchanan County, Virginia to the United States District Court for the Western District of Virginia.

Dated: January 20, 2026

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Kevin D. Holden*

Kevin D. Holden (VSB No. 30840)
701 East Byrd Street
17th Floor
Richmond, VA 23219
Telephone: (804) 649-0403
Facsimile: (804) 649-0404

***Counsel for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of January, 2026, a true and correct copy of the above and foregoing pleading was filed in the Court's CM/ECF system with a copy sent via electronic mail to the following counsel of record for Plaintiffs:

Jason D. Gallagher
GALLAGHER LAW FIRM, PLLC
102 Court St. N.E., Suite 201
Abingdon, VA 24210
jason@gallagherlawva.com

*/s/ Kevin D. Holden*
Kevin D. Holden (VSB No. 30840)

# EXHIBIT

# A

21st Jan 26
8:30 AM
Donita Allen
Deputy Cler

# COMMONWEALTH OF VIRGINIA

BUCHANAN CIRCUIT COURT
Civil Division
PO BOX 929
GRUNDY VA 24614
(276) 935-6567

Summons

To: JEWELL COAL AND COKE CO
CORPORATION SERVICE COMPANY
REGISTERED AGENT
100 SHOCKOE SLIP
FLOOR 2
RICHMOND VA 23219

Case No. 027CL25000894-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, December 10, 2025

Clerk of Court: BEVERLY S. TILLER

by ______________________________
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:

VIRGINIA:

IN THE BUCHANAN COUNTY CIRCUIT COURT

GEORGE CRIGGER and
KATHY CRIGGER.

Plaintiffs,

v.

JEWELL COAL AND COKE COMPANY, INC.,

Defendants,

Case No. 25-894

RECEIVED AND FILED
13 day of November 20 25
10:30 o'clock Am
Beverly S. Tiller, Clerk
Circuit Court of Buchanan County, Virginia
Clerk

Serve: Corporation Service Company
Registered Agent
100 Shockoe Slip, Floor 2
Richmond, VA 23219

**COMPLAINT**

Now Come George Crigger and Kathy Crigger (sometimes hereafter collectively the "Plaintiffs"), by counsel, and for their Complaint against the Defendant, Jewell Coal and Coke Company, Inc. ("Jewell"), state as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this matter pursuant to Virginia Code § 17.1-513, which grants the Circuit Court original and general jurisdiction of all civil cases except those specifically assigned to other tribunals.

2. Venue is proper in this Court pursuant to Virginia Code § 8.01-261(a)(1) and (2) as the Plaintiffs reside in, and Jewell regularly conducts business in Buchanan County, Virginia.

**PARTIES**

3. George Crigger is a resident of Buchanan County, Virginia. Mr. Crigger was employed by Jewell for 34 years and 10 months and retired from the company on March 31, 2009.

4. Kathy Crigger is a resident of Buchanan County, Virginia. Mrs. Crigger is married

to George Crigger.

5. Jewell is a Virginia Stock Corporation with its principal place of business located at 1101 Warrenville Rd., Suite 600, Lisle, IL 60532. Jewell owned and operated non-union coal and coke operations in Buchanan County, Virginia and employed George Crigger for 34 years and 10 months.

**FACTUAL ALLEGATIONS**

6. George Crigger worked as a dedicated and loyal employee of Jewell for 34 years and 10 months.

7. When George Crigger was hired by Jewell, he was promised lifetime medical benefits for himself and his dependent(s) if he retired from the company after he attained the age of fifty-five (55) with fifteen (15) years of service.

8. Jewell used the promise of lifetime medical benefits as a major recruiting and retention tool due to the heavy competition for employees throughout the coal industry, especially because Jewell was non-union and had to compete with union-controlled operations that offered similar guarantees.

9. The promise of lifetime medical benefits to qualified retirees was confirmed by sworn declarations of Charles Earl Ellis, former President of Jewell Smokeless Coal Corporation, Jewell Coal and Coke Company and Dominion Coal Corporation (collectively the "Jewell Companies"); Charles Wayne Pruitt, former Director of Operations for the Jewell Companies; James Lee Keen, former Director of Human Resources for the Jewell Companies; and Michael Gary Prater, former Director of Human Resources for the Jewell Companies. The Affidavits of Charles Earl Ellis, Charles Wayne Pruitt, James Lee Keen and Michael Gary Prater are attached hereto and incorporated herein as **Exhibits A, B, C** and **D**, respectively.

10. With this explicit promise and guarantee of lifetime medical benefits, among other retirement benefits, George Crigger retired from Jewell on March 31, 2009.

11. Plaintiffs fulfilled all conditions required to receive the promised benefits and thereafter, Jewell provided them with employer-sponsored health insurance.

12. Several years later during a corporate transition, Jewell decided to cap the legacy costs of the retiree health insurance program and elected to pay each retiree and their qualified dependent an annual subsidy to obtain equivalent or secondary coverage through the private insurance marketplace.

13. Plaintiffs were not consulted about the change but did not object to the subsidy in lieu of receiving employer-sponsored health insurance as it guaranteed continued health insurance coverage at the same benefit level, as promised by Jewell.

14. Jewell provided the subsidy to the Plaintiffs for almost a decade.

15. In December of 2024, Jewell notified Plaintiffs that it would slash the subsidy to an amount far below the actual market cost to obtain equivalent health insurance coverage.

16. The December 2024 notice stated that it was bringing the subsidy in line with "market prices" and that the subsidy it had provided for more than a decade would be slashed by more than half, despite the fact that the cost of obtaining health insurance has skyrocketed.

17. Jewell's unilateral and unjustified breach of its explicit promise to provide lifetime medical benefits has caused George and Kathy Crigger to be unable to afford equivalent health insurance coverage, and their continued treatment and care is now in jeopardy.

18. As a direct and proximate cause of Jewell's unilateral breach, George and Kathy Crigger have suffered and will continue to suffer damages.

**COUNT I – BREACH OF CONTRACT**

19. Plaintiffs reallege the allegations contained in Paragraphs 1 through 18 as if fully restated herein.

20. Jewell entered into a valid and enforceable contract with George Crigger to provide him and his dependent spouse with lifetime medical benefits with coverage equal to or greater than the benefits offered to current employees as of the date of his retirement.

21. George Crigger fulfilled all obligations required of him under the contract and retired from Jewell as a direct result of the promises made to him by the company.

22. Jewell unilaterally breached the contract by terminating the promised lifetime medical benefits after providing them for approximately sixteen (16) years.

23. As a direct and proximate cause of Jewell's breach, George and Kathy Crigger have suffered and will continue to suffer damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that:

a. The Court enter judgment in favor of George and Kathy Crigger, jointly, in the amount of Forty Thousand Dollars ($40,000.00) for Jewell's unilateral breach of its contract; and

b. George and Kathy Crigger be awarded their costs of this action; and

c. For such other and further relief as the Court deems justified and appropriate.

**A TRIAL BY JURY IS REQUESTED ON ALL ISSUES SO TRIABLE**

GEORGE CRIGGER and
KATHY CRIGGER

By Counsel

Jason D. Gallagher, Esq., (VSB No. 82125)
GALLAGHER LAW FIRM, PLLC
102 Court St. N.E., Suite 201
Abingdon, Virginia 24210
(276) 244-7495 – Telephone
(276) 200-0130 – Fax
jason@gallagherlawva.com

*Counsel for Plaintiffs*

RECEIVED AND FILED
13 day of November, 20 25
10:30 o'clock AM
Beverly S. Tiller, Clerk
Circuit Court of Buchanan County, Virginia
[signature] Clerk

**AFFIDAVIT**

COMMONWEALTH OF VIRGINIA
COUNTY OF WASHINGTON, to-wit:

Your Affiant, Charles Earl Ellis, after having been duly sworn, declares as follows under the penalty of perjury:

1. My name is Charles (Charlie) Earl Ellis.

2. I am over the age of eighteen (18) years old.

3. I currently reside at 23345 Harbor Light Circle, Abingdon, VA 24211.

4. I am currently retired after spending forty (40) plus years in coal mining and coke manufacturing managerial positions.

5. I presently serve on the Board of Directors of a regional bank operating in Virginia, Tennessee and North Carolina.

6. I am a registered professional engineer in the Commonwealth of Virginia.

7. I have worked for U.S. Steel Corporation, Island Creek Coal Corporation, Consol Energy, Pittson, TVA, Sun Coal and SunCoke Energy.

8. I was President of Jewell Coal & Coke Company, Jewell Smokeless Coal Corporation and Dominion Coal Corporation (collectively the "Jewell Companies") from May 1988 until August 2004. From September 2007 until August 2010, I served as Senior Vice President, Commercial, for SunCoke Energy. The departments reporting to me at Jewell included Coal Mining Operations, Coke Manufacturing Operations, Human Resources, Safety, Engineering and Accounting.

9. I came to work for the Jewell Companies because of several factors; namely the retirement benefits offered, including lifetime medical benefits for eligible employees who were



EXHIBIT A

fifty-five years of age with fifteen (15) years of service, excellent pay and a generous pension contribution plan of up to fifteen percent (15%) of your annual salary.

10. I have personal knowledge that lifetime medical benefits were promised to employees who worked for the Jewell Companies for fifteen (15) years and who attained the age of fifty-five (55) years as of the date of retirement.

11. Although the benefits plan was put into place prior to my employment with the Jewell Companies, I never saw the need to change the benefits during my time as President of the Jewell Companies. The benefits package helped the Jewell Companies remain union free and competitive with other companies and the UMWA.

12. The foregoing statements are true and accurate to the best of my knowledge and belief.

Charles Earl Ellis
CHARLES EARL ELLIS

The foregoing Affidavit was subscribed and sworn to before me, a Notary Public, by Charles Earl Ellis on this 29th day of Sept, 2025.

Samantha Bishop
Notary Public

My Commission Expires: 2/28/27

Registration No.: 7813905

SAMANTHA L BISHOP NOTARY PUBLIC REG. #7813905 MY COMMISSION EXPIRES 02/28/27 COMMONWEALTH OF VIRGINIA

RECEIVED AND FILED
13 day of November, 2025
10:30 o'clock AM
Beverly S. Tiller, Clerk
Circuit Court of Buchanan County, Virginia
Beverly S. Tiller
Clerk

# AFFIDAVIT

COMMONWEALTH OF VIRGINIA
COUNTY OF BUCHANAN, to-wit:

Your Affiant, Charles Wayne Pruitt, after having been duly sworn, declares as follows under the penalty of perjury:

1. My name is Charles Wayne Pruitt.

2. I am over the age of eighteen (18) years old.

3. I currently reside at 101 Sunnlylea Drive, Richlands, VA 24641.

4. I am currently retired.

5. I retired from Jewell Coal and Coke in March 2010.

6. At the time of my retirement, I oversaw the coke operation at Jewell as well as the coal preparation and coal mining operations. I was a member of the management team and was considered the most knowledgeable with respect to the operating procedures. As part of my job duties, I traveled to other coke plants across the United States to help them develop best practices.

7. In early March 2010, I attended a management meeting in Knoxville, TN at the headquarters of SunCoke Energy. Present at the meeting was my boss, Mike White, as well as Rick Waddell and JP Richardson.

8. During the March 2010 management meeting, I was informed that the company wanted to promote me to General Manager of Jewell Coal and Coke.

9. During the March 2010 management meeting, I was also informed of changes to the Jewell Coal and Coke benefit package. The changes consisted of a reduction in profit sharing from a maximum of 15% down to 3%, with the company contributing up to 6% matching for



EXHIBIT B

employees; increased employee contributions to monthly insurance premiums; and employees over the age of fifty-five (55) years old with fifteen (15) years of service who did not retire by the end of 2010 forfeiting their right to lifetime medical benefits.

8. I told Mike White to hold off on announcing my promotion and that I would get back to him with a decision on whether I would accept the new position.

9. The next morning, I emailed Mike White and informed him that I would retire at the end of the month.

10. I retired because I would have forfeited my right to lifetime medical benefits as I was over the age of fifty-five (55) with at least fifteen (15) years of service. The lifetime medical benefits were too valuable to give up.

11. In my personal experience and through the various management positions with the Jewell Companies, I have personal knowledge that lifetime medical benefits were promised to employees who worked for the Jewell Companies for fifteen (15) years and who attained the age of fifty-five (55) years as of the date of retirement.

12. I have personal knowledge that numerous employees retired as a direct result of this change in policy to retain lifetime medical coverage.

13. Since my retirement in late March 2010 and until January 2025, I have received either employer-sponsored health insurance or a stipend to purchase equivalent coverage through the private insurance market.

14. The foregoing statements are true and accurate to the best of my knowledge and belief.

Charles Wayne Pruitt
CHARLES WAYNE PRUITT

The foregoing Affidavit was subscribed and sworn to before me, a Notary Public, by Charles Wayne Pruitt on this 22 day of September, 2025.

Rhonda Nease
Notary Public

My Commission Expires: 11-30-2026

Registration No.: 342393

RHONDA NEASE
NOTARY PUBLIC
REG. #342393
MY COMMISSION EXPIRES 11-30-26
COMMONWEALTH OF VIRGINIA

RECEIVED AND FILED
13 day of November, 20 25
10:50 o'clock Am
Beverly S. Tiller, Clerk
Circuit Court of Buchanan County, Virginia
Clerk

**AFFIDAVIT**

COMMONWEALTH OF VIRGINIA
COUNTY OF BUCHANAN, to-wit:

Your Affiant, James Lee Keen, after having been duly sworn, declares as follows under the penalty of perjury:

1. My name is James Lee Keen.

2. I am over the age of eighteen (18) years old.

3. I currently reside at 1137 Sandy Valley Lane, Vansant, VA 24656.

4. I am currently employed as the Executive Director of the Breaks Regional Airport Authority in Grundy, VA.

5. I graduated from Pikeville College in 1968 with a BS in Business and Marshall University with a MA in Management and Safety.

6. I began working for Jewell Smokeless Coal Corporation in May 1974 as a management trainee assigned to the Safety Department. My job duties included processing and handling MSHA safety violations, including representing the company before administrative law judges.

7. In 1975, I was promoted to Hiring Manager for Jewell Smokeless Coal Corporation, Jewell Coal and Coke Company, Vansant Coal Corporation and Dominion Coal Corporation (collectively the "Jewell Companies").

8. In 1976, I was promoted to Manager of Human Resources for the Jewell Companies.



EXHIBIT C

9. As the Human Resources Director, my responsibilities included hiring, employee benefits, self-insured workers' compensation, company security, lobbying the Virginia Legislature on bills impacting the Jewell Companies, public relations and special events.

10. In my personal experience and through the various management positions with the Jewell Companies, I have knowledge that lifetime medical benefits were promised to employees who worked for the Jewell Companies for fifteen (15) years and who attained the age of fifty-five (55) years as of the date of retirement. Providing lifetime medical benefits and life insurance was a necessity to attract and retain employees as competitors of the Jewell Companies provided lifetime benefits, primarily through the United Mine Workers of America.

11. I have personal knowledge that the Jewell Companies' communications stressed the value of health insurance. I attended numerous worksite meetings with employees explaining the Jewell Companies' commitment to providing competitive wages and lifetime medical benefits to eligible retirees.

12. I retired from the Jewell Companies in 2001. At that time, I was hired as a contractor by Charlie Ellis, President of the Jewell Companies, to continue Lobbying the Virginia Legislature and assist the Human Resources department as needed. I continued in this contracting role for approximately nine (9) years.

13. In 2010, Gary Prater retired as the Human Resources Director, and I was asked to assume the responsibilities as Director again.

14. During this period of employment, I was invited to a meeting at SunCoke headquarters in Lisle, IL and was honored with a Leadership Award in appreciation of my leadership and continued support.

15. Since my retirement from the Jewell Companies in 2001 and until January 2025, I have received either employer-sponsored health insurance or a stipend to purchase equivalent coverage through the private insurance market.

16. The foregoing statements are true and accurate to the best of my knowledge and belief.

ROBIN M. SHORTRIDGE MY COMM. EXPIRES 05-31-2027 REGISTRATION # 8056946 NOTARY PUBLIC COMMONWEALTH OF VIRGINIA

JAMES LEE KEEN

The foregoing Affidavit was subscribed and sworn to before me, a Notary Public, by James Lee Keen on this 19 day of September, 2025.

Notary Public

My Commission Expires: 05-31-2027

Registration No.: 8056946

RECEIVED AND FILED
13 day of November 2025
10:30 o'clock AM
Beverly S. Tiller, Clerk
Circuit Court of Buchanan
County, Virginia
Clerk

**AFFIDAVIT**

COMMONWEALTH OF VIRGINIA
COUNTY OF BUCHANAN, to-wit:

Your Affiant, Michael G. Prater, after having been duly sworn, declares as follows under the penalty of perjury:

1. My name is Michael G. Prater.
2. I am over the age of eighteen (18) years old.
3. I currently reside at 21374 Riverside Drive, Grundy, VA 24614.
4. I am currently employed as the Director of Risk Management and Security for Wellmore Coal Company in Grundy, VA.
5. I began working for Dominion Coal Company in 1977.
6. In 1979, I transferred to the Jewell Smokeless division as Management Trainee/Safety Inspector.
7. In 1980, I was promoted to the position of Personnel Officer.
8. In my position as Personnel Officer, I was responsible for hiring and workers' compensation management for Jewell Smokeless Coal Corporation, Jewell Coal and Coke Company and Dominion Coal Corporation (collectively the "Jewell Companies").
9. As the Personnel Officer, I was responsible for recruitment, hiring, explanation of benefits, company policies and on-boarding, including training.
10. In 1992, I was promoted to Manager of Workers' Compensation and Personnel.
11. In this position, I managed all workers' compensation claims and benefits as well as personnel recruitment, benefits management, hiring and on-boarding.



EXHIBIT D

12. In 2001, I was promoted to Manager of Human Resources for the Jewell Companies.

13. In this position, I managed the overall human resource program including recruitment, hiring, training, benefits programs, compliance, payroll, workers' compensation and performance evaluations.

14. In my personal experience and through the various management positions with the Jewell Companies, I have personal knowledge that lifetime medical benefits were promised to employees who worked for the Jewell Companies for fifteen (15) years and who attained the age of fifty-five (55) years as of the date of retirement. The promise of lifetime medical benefits (for eligible employees) was a major recruiting and retention tool used by the Jewell Companies due to the heavy competition for employees throughout the coal industry, especially because the Jewell Companies were non-union and had to compete with union-controlled operations.

15. In 2010, the new corporate management of the Jewell Companies informed the employees that they were changing the existing benefits coverage and that any employee who was retirement eligible (15 years of service and 55 years of age) had to retire by December 2010 to retain promised benefits, including lifetime medical coverage.

16. As a result of this new policy and to retain the lifetime medical benefits I was promised, I retired from the Jewell Companies in September 2010 with full retirement benefits including lifetime medical coverage.

17. I have personal knowledge that numerous employees retired as a direct result of this change in policy to retain lifetime medical coverage.

18. Since my retirement from the Jewell Companies in September 2010 and until January 2025, I have received either employer-sponsored health insurance or a stipend to purchase equivalent coverage through the private insurance market.

19. The foregoing statements are true and accurate to the best of my knowledge and belief.

[signature]
MICHAEL G. PRATER

The foregoing Affidavit was subscribed and sworn to before me, a Notary Public, by Michael G. Prater on this 8 day of October, 2025.

[signature]
Notary Public

My Commission Expires: April 30, 2028

Registration No. 354214

LESHIA G. BELL NOTARY PUBLIC REG. # 354214 COMMONWEALTH OF VIRGINIA

# COVER SHEET FOR FILING CIVIL ACTIONS

COMMONWEALTH OF VIRGINIA

Case No. 25-894
(CLERK'S OFFICE USE ONLY)

Buchanan County Circuit Court

George Crigger v./In re: Jewell Coal and Coke Company, Inc.
Kathy Crigger
PLAINTIFF(S) DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [X] attorney for [X] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

## GENERAL CIVIL

**Subsequent Actions**

- [ ] Claim Impleading Third Party Defendant
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Counterclaim
  - [ ] Monetary Damages
  - [ ] No Monetary Damages
- [ ] Cross Claim
- [ ] Interpleader
- [ ] Reinstatement (other than divorce or driving privileges)
- [ ] Removal of Case to Federal Court

**Business & Contract**

- [ ] Attachment
- [ ] Confessed Judgment
- [x] Contract Action
- [ ] Contract Specific Performance
- [ ] Detinue
- [ ] Garnishment

**Property**

- [ ] Annexation
- [ ] Condemnation
- [ ] Ejectment
- [ ] Encumber/Sell Real Estate
- [ ] Enforce Vendor's Lien
- [ ] Escheatment
- [ ] Establish Boundaries
- [ ] Landlord/Tenant
  - [ ] Unlawful Detainer
- [ ] Mechanics Lien
- [ ] Partition
- [ ] Quiet Title
- [ ] Termination of Mineral Rights

**Tort**

- [ ] Asbestos Litigation
- [ ] Compromise Settlement
- [ ] Intentional Tort
- [ ] Medical Malpractice
- [ ] Motor Vehicle Tort
- [ ] Product Liability
- [ ] Wrongful Death
- [ ] Other General Tort Liability

## ADMINISTRATIVE LAW

- [ ] Appeal/Judicial Review of Decision of (select one)
  - [ ] ABC Board
  - [ ] Board of Zoning
  - [ ] Compensation Board
  - [ ] DMV License Suspension
  - [ ] Employee Grievance Decision
  - [ ] Employment Commission
  - [ ] Local Government
  - [ ] Marine Resources Commission
  - [ ] School Board
  - [ ] Voter Registration
  - [ ] Other Administrative Appeal

## DOMESTIC/FAMILY

- [ ] Adoption
  - [ ] Adoption – Foreign
- [ ] Adult Protection
- [ ] Annulment
  - [ ] Annulment – Counterclaim/Responsive Pleading
- [ ] Child Abuse and Neglect – Unfounded Complaint
- [ ] Civil Contempt
- [ ] Divorce (select one)
  - [ ] Complaint – Contested*
  - [ ] Complaint – Uncontested*
  - [ ] Counterclaim/Responsive Pleading
  - [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
- [ ] Separate Maintenance
  - [ ] Separate Maintenance Counterclaim

## WRITS

- [ ] Certiorari
- [ ] Habeas Corpus
- [ ] Mandamus
- [ ] Prohibition
- [ ] Quo Warranto

## PROBATE/WILLS AND TRUSTS

- [ ] Accounting
- [ ] Aid and Guidance
- [ ] Appointment (select one)
  - [ ] Guardian/Conservator
  - [ ] Standby Guardian/Conservator
  - [ ] Custodian/Successor Custodian (UTMA)
- [ ] Trust (select one)
  - [ ] Impress/Declare/Create
  - [ ] Reformation
- [ ] Will (select one)
  - [ ] Construe
  - [ ] Contested

## MISCELLANEOUS

- [ ] Amend Birth/Death Certificate
- [ ] Appointment (select one)
  - [ ] Church Trustee
  - [ ] Conservator of Peace
  - [ ] Marriage Celebrant
- [ ] Approval of Transfer of Structured Settlement
- [ ] Bond Forfeiture Appeal
- [ ] Declaratory Judgment
- [ ] Declare Death
- [ ] Driving Privileges (select one)
  - [ ] Reinstatement pursuant to § 46.2-427
  - [ ] Restoration – Habitual Offender or 3rd Offense
- [ ] Expungement
- [ ] Firearms Rights – Restoration
- [ ] Forfeiture of Property or Money
- [ ] Freedom of Information
- [ ] Injunction
- [ ] Interdiction
- [ ] Interrogatory
- [ ] Judgment Lien-Bill to Enforce
- [ ] Law Enforcement/Public Official Petition
- [ ] Name Change
- [ ] Referendum Elections
- [ ] Sever Order
- [ ] Taxes (select one)
  - [ ] Correct Erroneous State/Local
  - [ ] Delinquent
- [ ] Vehicle Confiscation
- [ ] Voting Rights – Restoration
- [ ] Other (please specify)

[x] Damages in the amount of $ 40,000.00 are claimed.

11/4/2025
DATE

[signature]
[ ] PLAINTIFF [ ] DEFENDANT [x] ATTORNEY FOR [x] PLAINTIFF [ ] DEFENDANT

Jason D. Gallagher, Esq.
PRINT NAME

102 Court St. NE, Suite 201 Abingdon, VA 24210
276-244-7496
ADDRESS/TELEPHONE NUMBER OF SIGNATOR

jason@gallagherlawva.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 02/23

Gallagher
LAW FIRM, PLLC

**Jason D. Gallagher, Esq.**
T: 276.244.7495 | F: 276.200.0130
jason@gallagherlawva.com

Gallagher Law Firm, PLLC
102 Court St. NE, Suite 201
Abingdon, Virginia 24210

November 4, 2025

RECEIVED AND FILED
13 day of November 2025
10:30 o'clock pm
Beverly S. Tiller, Clerk
Circuit Court of Buchanan County, Virginia
Clerk

Beverly Tiller, Clerk
Buchanan County Circuit Court
1012 Walnut Street
Grundy, VA 24614

Re: George Crigger and Kathy Crigger v.
Jewell Coal and Coke Company, Inc.
Our File No. 10343-25

Dear Mrs. Tiller:

Please find enclosed a Complaint together with a check in the amount of $138.00 to cover the filing and service of process fees associated therewith. I ask that you prepare the Summons and forward the documents to the Sheriff for service of process on the defendant.

As always, should you have any questions or concerns, please do not hesitate to contact me.

Regards,

Jason D. Gallagher

Enclosures

cc: George and Kathy Crigger

**CITY OF RICHMOND**
**OFFICE OF THE SHERIFF**
**1701 FAIRFIELD WAY**
**RICHMOND, VIRGINIA 23223**
**ANTIONETTE V. IRVING, PHD - SHERIFF**

We are returning the enclosed ✓ Court Paper(s) __ # services Document(s) ____ Check(s) for the reason checked below.

___ We do not serve P.O. Box numbers. A street address is needed for service.

___ Address given does not exist in the City of Richmond.

___ Proof of service sheet or copy upon which to make a return needs to be attached to Circuit Court papers.

___ Service copy needed for service.

___ $12.00 Sheriff's fee needed per document.

___ $28.00 fee is needed for each defendant. Payment made payable to the Division of Motor Vehicles.

___ $28.00 fee is needed for service. Payment made payable to the Secretary of the Commonwealth.

___ $30.00 fee is needed for each defendant. Payment made payable to the State Corporation Commission.

___ All sheriff's fees for General District, Juvenile & Domestic Relations and Circuit Courts are paid through the appropriate court, not through the Sheriff's Office.

___ We do not send out or have a mailing list for auctions. All auctions are listed in the Richmond Sunday Times-Dispatch Classified section.

___ Business does not exist at the indicated address.

___ We do not serve papers marked "Third Party Service".

✓ Other No Complaint attached. - Unable to serve.

Returned by: Dep E Lee Date: 11-26-2025

RETURNED AND FILED
9th day of Dec. 2025
4:56 o'clock PM
Beverly S. Tiller, Clerk
Circuit Court of Buchanan County, Virginia
[signature]

# COMMONWEALTH OF VIRGINIA

BUCHANAN CIRCUIT COURT
Civil Division
PO BOX 929
GRUNDY VA 24614
(276) 935-6567

2025 NOV 25 AM 10: 31
CIVIL PROCESS
SHERIFF'S OFFICE

## Proof of Service

Virginia:
In the BUCHANAN CIRCUIT COURT

Case number: 027CL25000894-00
Service number: 004
Service filed: November 13, 2025
Judge:

Served by: RICHMOND CITY
Style of case: GEORGE CRIGGER vs JEWELL COAL AND COKE CO, INC
Service on: JEWELL COAL AND COKE CO
CORPORATION SERVICE CO
REGISTERED AGENT
100 SHOCKOE SLIP
FLOOR 2
RICHMOND VA 23219

Attorney:

Instructions:

Returns shall be made hereon, showing service of Summons issued Thursday, November 13, 2025 with a copy of the Complaint filed Thursday, November 13, 2025 attached.

Hearing date :
Service issued: Thursday, November 13, 2025

For Sheriff Use Only

# COMMONWEALTH OF VIRGINIA

BUCHANAN CIRCUIT COURT
Civil Division
PO BOX 929
GRUNDY VA 24614
(276) 935-6567

Summons

Case No. 027CL25000894-00

To: JEWELL COAL AND COKE CO
CORPORATION SERVICE CO
REGISTERED AGENT
100 SHOCKOE SLIP
FLOOR 2
RICHMOND VA 23219

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, November 13, 2025

Clerk of Court: BEVERLY S. TILLER

by Donita Allen
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:

# COMMONWEALTH OF VIRGINIA

BUCHANAN CIRCUIT COURT
Civil Division
PO BOX 929
GRUNDY VA 24614
(276) 935-6567

2025 DEC 23 PM 2:21
CIVIL PROCESS

## Proof of Service

Virginia:
In the BUCHANAN CIRCUIT COURT

Case number: 027CL25000894-00
Service number: 005
Service filed: November 13, 2025
Judge:

Served by: RICHMOND CITY
Style of case: GEORGE CRIGGER vs JEWELL COAL AND COKE CO, INC
Service on: JEWELL COAL AND COKE CO
CORPORATION SERVICE COMPANY
REGISTERED AGENT
100 SHOCKOE SLIP
FLOOR 2
RICHMOND VA 23219

Attorney:

Instructions:

Returns shall be made hereon, showing service of Summons issued Wednesday, December 10, 2025 with a copy of the Complaint filed Thursday, November 13, 2025 attached.

Hearing date :
Service issued: Wednesday, December 10, 2025

For Sheriff Use Only

NAME & ADDRESS SAME AS FRONT

☐ PERSONAL SERVICE

Being unable to make personal service, a copy was delivered in the following manner:

☐ Delivered to person found in charge of usual place of business or employment during business hours and giving information to its purport.

☐ Delivered to family member (not temporary sojourner or guest) age 16 or older, at usual place of abode of party named above giving information of its purport. List name, age of recipient and relation of recipient to party named above.

☐ Posted on the front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

☐ Served on officer or managing employee who is not an officer of the corporation.

☐ Evicted ☐ Not Evicted
☑ Served on registered agent ☑ Affidavit attached

☐ Not found

☐ NO EFFECTS FOUND

DEC 29 2025
DATE

Rep. E. Lee
DEPUTY SHERIFF
FOR Sheriff Antionette V. Irving

RETURNED AND FILED
7th day of Jan 2026
1:18 o'clock Pm
Beverly S. Tiller, Clerk
Circuit Court of Buchanan County, Virginia
Beverly S. Tiller
Clerk

# CERTIFICATE OF CORPORATION SERVICE COMPANY

**THIS CERTIFICATE MADE** pursuant to Subsection 2(b) of Section 13.1-634, Subsection 2(b) of Section 13.1-763, Subsection 2(b) of Section 13.1-1015 and Section 50-73.4 of the Virginia Code.

**CORPORATION SERVICE COMPANY**, a corporation authorized to do business in the Commonwealth of Virginia, does hereby certify that:

1. It is incorporated under the Laws of the State of Delaware and was authorized to do business in Virginia on June 1, 2001.

2. (a) It maintains a business office in the Commonwealth of Virginia at 100 Shockoe Slip, 2nd Floor, Richmond, VA 23219.

   (b) Service of process may be made at such business office in the City of Richmond upon corporations, limited liability companies, partnerships, trusts and other entities, associations and persons which have designated it as agent for service of process.

   (c) The names of the individuals authorized to receive process served upon Corporation Service Company as the agent for service of process of any corporations, limited liability companies, partnerships, trust and other entities, associations and persons which have designated it as such agent are:

   Beverley L. Crump — Served Rene Nordquist
   Dustin Kline — Sarah White
   Katelyn VanBuren

**WHEREFORE**, Corporation Service Company has caused its corporate name to be hereunto subscribed this 22nd day of October 2024.

CORPORATION SERVICE COMPANY

By: [signature]
Executive Vice President

STATE OF DELAWARE
COUNTY OF NEW CASTLE

The foregoing instrument was acknowledged before me this 22nd day of October 2024, by George Massih

[signature: Janet B. Woznicki]
Notary Public

My Commission Expires: 5-18-2026

JANET B. WOZNICKI
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires 05-18-2026

# EXHIBIT

# B

21st Jan 26
8:30 Am

Donita Allen
Deputy Clerk

# Summary of Coverage

**Employer:** **Jewell Smokeless Coal Corporation**

**ASC:** **379136**

**SOC:** **2B**

**Issue Date:** **January 3, 1995**

**Effective Date:** **July 1, 1994**

Applies to Part B of the Booklet

The benefits shown in this Summary of Coverage are available for you and your eligible dependents.

This Summary of Coverage and the Booklet explain benefits for those eligible. They shall not in any form be construed as a Contract for Employment or a commitment to continuation of employment.

## Eligibility

### Employees

You are in an Eligible Class if you are a regular full-time manager on the Knoxville payroll, and are employed at a location of your Employer in an area in which there are Preferred Care Providers. Your Employer will provide you with this information.

Your Eligibility Date, if you are then in an Eligible Class, is the Effective Date of this Plan. Otherwise, it is the date you commence active work for your Employer or, if later, the date you enter an Eligible Class.

You can remain in an Eligible Class as a retired employee if when you terminate active employee status you have reached age 55 and completed 15 or more years of service with your Employer.

You can remain in an Eligible Class if when you terminate as an active employee, you have been approved to receive Long Term Disability benefits. Your coverage will be continued on the basis of one year for each year of continuous service if you have completed at least 5 years. If you have been approved for Long Term Disability Benefits and you had less than 5 years of service with your Employer, you can remain in an eligible class for one (1) year.

You can also remain in an Eligible Class as a retired employee if when you terminate active employee status you have completed 5 years of service but less than 15 years of

service with your Employer. Your coverage will be continued on the basis of one year for each year of service with your Employer.

You may continue Health Expense Coverage for yourself and your dependents.

If you retired before the Effective Date of this Plan, you are also in an Eligible Class. You must follow the Enrollment Procedure. You may have Health Expense Coverage for you and your dependents.

**Dependents**

You may cover your:

- wife or husband; and
- unmarried children who are under 19 years of age.

Any other unmarried child under age 23 who goes to school on a regular full-time basis and depends solely on you for support will be covered as a dependent.

Your children include:

- Your biological children.
- Your adopted children.
- Any other child you support who lives with you in a parent-child relationship.

No person may be covered both as an employee and dependent and no person may be covered as a dependent of more than one employee.

## Enrollment Procedure

You will get a form to fill out. Sign and return it to your Employer.

## Effective Date of Coverage

**Employees**

Your coverage will take effect on your Eligibility Date. If you happen to be both disabled and away from work on the date your coverage would take effect, the coverage will not take effect until you return to full-time work for one full day. This rule also applies to an increase in your coverage.

**Dependents**

Coverage for your dependents will take effect on the date yours takes effect if, by then, you have signed the form to enroll. Also, in order to be sure coverage is in force for any new dependents you acquire, you should report any changes.

Some coverage will be delayed if your dependent is confined at home or elsewhere on the date it would take effect. The delay also applies if the dependent was confined in a hospital within 31 days before that date. The delay applies to Comprehensive Medical and Comprehensive Dental Expense Coverage. These will be delayed until:

- the dependent has not been confined for at least 31 days; or

- he or she submits evidence of good health which is acceptable to Aetna.

Coverage for a newborn child will not be delayed.

The above rules also apply to any increase.

**Special Rules Which Apply To An Adopted Child**

Any provision in this Plan which:

- requires evidence of good health which is acceptable to Aetna for coverage to become effective;
- delays coverage due to a confinement;
- limits coverage as to a preexisting condition;

will not apply to effect the initial health coverage for a child who meets the definition of dependent as of the date the child is "placed for adoption" (this means the assumption and retention of a legal obligation for total or partial support of a child in anticipation of adoption of the child), provided:

- such placement takes effect after the date your coverage becomes effective; and
- you make written request for coverage for the child within 31 days of the date the child is placed with you for adoption.

Coverage for the child will become effective on the date the child is placed with you for adoption. If request is not made within such 31 days, coverage for the child will be subject to all of the terms of this Plan and will only become effective if evidence of his or her good health, acceptable to Aetna, is given to Aetna.

**Special Rules Which Apply to A Child Who Must Be Covered Due To A Qualified Medical**

Any provision in this Plan which:

- requires evidence of good health which is acceptable to Aetna for coverage to

becoming eligible on the Effective Date of this Plan.

In lieu of corresponding rules which apply to employees:

- If any Health Expense Benefits are payable based on a "period of disability", the rule which applies to determine when a dependent's period of disability ends will also apply to you.
- The rule which applies to a dependent to determine if total disability exists when Health Expense Coverage terminates will also apply to you.

## Health Expense Coverage For You and Your Dependents

Your Booklet spells out the period to which each maximum applies. These benefits apply separately to each covered person.

If a hospital or other health care facility does not separately identify the specific amounts of its room and board charges and its other charges, Aetna will use the following allocations of these charges for the purposes of the plan of benefits:

| | |
|---|---|
| Room and board charges: | 40% |
| Other charges: | 60% |

This allocation may be changed at any time if Aetna finds that such action is warranted by reason of a change in factors used in the allocation.

### Basic Health Expense Coverage

**Benefits and Benefit Maximums**
Read the coverage sections in your Booklet for a complete description of the benefits available

**Basic Vision Care Benefits**

| | |
|---|---|
| Payment Percentage | 100% of the Scheduled Amount listed in your Booklet |

### Comprehensive Medical Expense Coverage

**Certification Requirements**

***Hospital Confinements***
If you or one of your dependents require confinement in a hospital, days in the hospital must be certified if full plan benefits are to be available.

***Procedures and Treatments***
Certain procedures and treatments must be certified as necessary if full plan benefits are to be available. These procedures and treatments are listed in your Booklet.

For some of the listed procedures, an independent medical exam may be required.

As soon as you or one of your dependents:

know hospital confinement will be required; or

intend to have any procedures or treatments (including any diagnostic tests or X-Rays);

see the Comprehensive Medical Expense Coverage section of the Booklet. It will give you details on how to obtain certification and avoid a reduction in benefits payable.

| | |
|---|---|
| Certification for Hospital Admissions<br>Excluded Amount (Penalty) | $ 250 |
| Certification for Certain Procedures/Treatments<br>Excluded Amount (Penalty) | $ 250 |

## The Benefits Payable

After any applicable deductible, the Health Expense Benefits payable under this Plan in a calendar year are paid at the Payment Percentage which applies to the type of Covered Medical Expense which is incurred, except for any different benefit level which may be provided later in this Booklet. Benefits may vary depending upon whether a Preferred Care Provider is utilized. A Preferred Care Provider is a health care provider who has agreed to provide services or supplies at a "negotiated charge." See your Employer for a copy of the Directory which lists these health care providers.

Any charge for a service or supply furnished by a Preferred Care Provider in excess of such provider's negotiated charge for that service or supply will not be a covered expense under the group contract. This rule will not apply to any service or supply for which a benefit is provided under Medicare before the benefits of the group contract are payable.

## Deductible Amounts

Calendar Year Deductible Per Person $ 100

This Calendar Year Deductible applies to all expenses except:

Mail Order Drug and Medicine Expenses

Inpatient Hospital Deductible (Penalty) $ 250

However, for a confinement of a well newborn child that starts on the day of birth, this Inpatient Hospital Deductible will not exceed the hospital's actual charge for board and room for the first day of confinement on which the child's coverage is in force.

This Inpatient Hospital Deductible applies to all Inpatient Hospital Expenses, except those incurred for Preferred Care

If any expense is covered under one type of Covered Medical Expense, it cannot be covered under any other type.

## Payment Percentage

The Payment Percentage applies after any deductible amounts.

| *For Hospital Expenses* | Preferred Care | Non-Preferred Care |
|---|---|---|
| | 80% | 60% |

# Additional Information Provided by Jewell Smokeless Coal Corporation

The following information is provided to you in accordance with the Employee Retirement Income Security Act of 1974 (ERISA). It is not a part of your booklet. Your Plan Administrator has determined that this information together with the information contained in your booklet is the Summary Plan Description required by ERISA.

In furnishing this information, Aetna is acting on behalf of your Plan Administrator who remains responsible for complying with the ERISA reporting rules and regulations on a timely and accurate basis.

**Employer Identification Number:**
62-1070598

**Plan Number:**
501

**Type of Plan:**
Welfare

**Type of Administration:**
Administrative Services Contract

**Plan Administrator:**
Sun Coal Company
4711 Old Kingston Pike
Knoxville, TN 37919

**Agent For Service of Legal Process:**
Plan Administrator

**End of Plan Year:**
June 30

**Source of Contributions:**
Non-Contributory

## Claim Procedures

Your booklet contains information on reporting claims. Claim forms may be obtained at your place of employment. These forms tell you how and when to file a claim.

If your claim is denied in whole or in part, you will receive a written notice of the denial from Aetna Life Insurance Company. The notice will explain the reason for the denial and the review procedures.

You may request a review of the denied claim. The request must be submitted, in writing, to the Plan Administrator within 60 days after you receive the notice. Include your reasons for requesting the review.

Aetna will review your claim and ordinarily notify you of its final decision within 60 days of receipt of your request. If special circumstances require an extension of time, you will be notified of such extension during the 60 days following receipt of your request.

**ERISA Rights**

As a participant in the group insurance plan you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974. ERISA provides that all plan participants shall be entitled to:

1. Examine, without charge, at the Plan Administrator's office and at other specified locations such as worksites and union halls, all plan documents, including insurance contracts, collective bargaining agreements and copies of all documents filed by the plan with the U.S. Department of Labor, such as detailed annual reports.

2. Obtain copies of all plan documents and other plan information upon written request to the Plan Administrator. The administrator may make a reasonable charge for the copies.

3. Receive a summary of the plan's annual financial report. The Plan Administrator is required by law to furnish each participant with a copy of this summary annual report.

In addition to creating rights for plan participants, ERISA imposes obligations upon the persons who are responsible for the operation of the employee benefit plan.

The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and other plan participants and beneficiaries

No one, including your employer may fire you or otherwise discriminate against you in any way to prevent you from obtaining a welfare benefit or exercising your rights under ERISA.

If your claim for a welfare benefit is denied in whole or in part, you must receive a written explanation of the reason for the denial. You have the right to have the plan review and reconsider your claim.

Under ERISA there are steps you can take to enforce the above rights. For instance, if you request materials from the plan and do not receive them within 30 days you may file suit in a federal court. In such a case, the court may require the Plan Administrator to provide the materials and pay up to $100 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the administrator.

If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court.

If it should happen that plan fiduciaries misuse the plan's money or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor or you may file suit in a federal court. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous.

If you have any questions about your plan, you should contact the Plan Administrator. If you have any questions about this statement or about your rights under ERISA, you should contact the nearest Area Office of the U.S. Labor-Management Services Administration, Department of Labor.

# Summary of Coverage

**Employer:** Jewell Smokeless Coal Corporation

**Group Policy:** GP-379156-A

**SOC:** 2B

**Issue Date:** January 3, 1995

**Effective Date:** July 1, 1994

Applies to Part A of the Booklet

The benefits shown in this Summary of Coverage are available for you and your eligible dependents.

This Summary of Coverage and the Booklet explain benefits for those eligible for coverage under this Plan. They shall not in any form be construed as a Contract for Employment or a commitment to continuation of employment.

## Eligibility

### Employees

You are in an Eligible Class if you are a regular full-time manager on the Knoxville payroll of an employer participating in this Plan.

Your Eligibility Date, if you are then in an Eligible Class, is the Effective Date of this Plan. Otherwise, it is the date you commence active work for your Employer or, if later, the date you enter an Eligible Class.

You can remain in an Eligible Class as a retired employee if when you terminate active employee status you have reached age 55 and completed 15 or more years of service with your Employer.

You can remain in an Eligible Class if when you terminate as an active employee, you have been approved to receive Long Term Disability benefits. Your coverage will be continued on the basis of one year for each year of continuous service if you have completed at least 5 years. If you have been approved for Long Term Disability Benefits and you had less than 5 years of service with your Employer, you can remain in an eligible class for one (1) year.

You can also remain in an Eligible Class as a retired employee if when you terminate active employee status you have completed 5 years of service but less than 15 years of service with your Employer. Your coverage will be continued on the basis of one year

for each year of service with your Employer.

You may continue your Life Insurance and any coverage you have for your dependents. Your Life Insurance will be subject to any reduction set forth below.

If you retired before the Effective Date of this Plan, you are also in an Eligible Class. You must follow the Enrollment Procedure. You may have Life Insurance for you and your dependents. Your Life Insurance will be subject to any reduction set forth below.

**Dependents**

You may cover your:

- wife or husband; and
- unmarried children who are over 14 days but under 19 years of age.

Any other unmarried child under age 23 who goes to school on a regular full-time basis and depends solely on you for support will be covered as a dependent.

Your children include:

- Your biological children.
- Your adopted children.
- Any other child you support who lives with you in a parent-child relationship.

No person may be covered both as an employee and dependent and no person may be covered as a dependent of more than one employee.

**Eligibility For Life Insurance If Permanently and Totally Disabled**

You may remain eligible for Life Insurance coverage, subject to change or termination as provided elsewhere in the group contract, if your Employer determines that, prior to reaching age 65, you have become permanently and totally disabled, if:

- the total disability starts while you are insured, on or after the date this subsection applies to you and before you retire; and
- your Employer continues premium payments for this coverage.

This eligibility ceases at the first to occur of:

- the date your Employer determines that you are no longer permanently and totally disabled; and
- the date you reach age 65. However, if you qualify as an Eligible Retired Employee, your Life Insurance may be continued subject to change or termination in accordance with the terms of the group contract.

Report a disease or injury to your Employer as soon as you can. Your Employer will help you determine if you qualify.

## Enrollment Procedure

You will get a form to fill out. Sign and return it to your Employer.

## Effective Date of Coverage

| | |
|---|---|
| **Employees** | Your coverage will take effect on your Eligibility Date. If you happen to be both disabled and away from work on the date your coverage would take effect, the coverage will not take effect until you return to full-time work for one full day. This rule also applies to an increase in your coverage. |
| **Dependents** | Coverage for your dependents will take effect on the date yours takes effect if, by then, you have signed the form to enroll. Also, in order to be sure coverage is in force for any new dependents you acquire, you should report any changes. |

## Coverage For You Only

| | |
|---|---|
| **Life Insurance** | $ 75,000<br><br>If you are retired and become insured on the Effective Date of this Plan, the amount of your Life Insurance will be agreed upon by your Employer and Aetna and you will be notified of the amount. |
| **Accidental Death and Dismemberment – Principal Sum** | $ 75,000 |
| **Special Accidental Death and Dismemberment – Principal Sum** | $ 100,000<br><br>Your Life Insurance and Accidental Death and Dismemberment Coverage amounts in force on the day before the first day of the month in which you reach age 65 each will be reduced by: 35% at age 65 and 50% at age 70. The reduction will take effect on the first day of the calendar month in which you reach the ages specified. No reduction will take place if your Life Insurance has already been reduced because of retirement.<br><br>If you become insured during or after the month in which you reach the above ages, your amount of Life Insurance and Accidental Death and Dismemberment Principal Sum will be the applicable percentage of the amount shown for your classification.<br><br>If you retire and you remain in an Eligible Class, your Life Insurance will remain in force during your retirement, subject to change or termination in accordance with the terms of the group contract. Your Life Insurance will be reduced as of the date you retire unless your insurance has been fully reduced because of age by 50%. |
| **Temporary Disability Coverage** | After any waiting period, this Plan will pay the Temporary Disability Benefit for each week of a disability absence. The absence must start while you are covered. A disability absence is time lost from work because of a non-occupational injury or disease. |

**Temporary Disability Benefit**
**$ 185 per week***

* This amount may not be more than 70% of your average weekly earnings. At any time that other income benefits are payable, this amount may be reduced so that, when it is added to other income benefits, the total will not be more than 70% of your average weekly earnings.

Benefits start after the first 7 days of a disability period due to disease. There is no waiting period for benefits for a disability period due to injury.

Maximum Period of Payment: 26 weeks

## Coverage For Your Dependents Only

**Life Insurance**

| Classification | Amount* |
|---|---|
| Wife or husband | $ 4,000 |
| Unmarried child, age | |
| 14 days but less than 6 months | $ 400 |
| 6 months but less than 2 years | $ 800 |
| 2 years but less than 3 years | $ 1,600 |
| 3 years or more | $ 2,000 |

* but not more than 50% of the amount of your Life Insurance under this Plan.

**Pregnancy Coverage**

*Temporary Disability Coverage:* Benefits are payable on the same basis as for disease if a female employee, while insured, is absent from active work because of a disabling pregnancy-related condition. A physician's certification that the employee is disabled because of the condition will be necessary.

Further, Aetna may request any additional evidence it believes is necessary before deciding that benefits are payable.

## Adjustment Rule

If for any reason a person is entitled to a different amount of coverage, coverage will be adjusted as provided elsewhere in the group contract, except that an increase is subject to any active work rule requirement described in Effective Date of Coverage.

Benefits for claims incurred after the date the adjustment become effective are payable in accordance with the revised plan provisions. In other words, there are no vested rights to benefits based upon provisions of this Plan in effect prior to the date of any adjustment.

## General

This Summary of Coverage replaces any Summary of Coverage previously in effect under the group contract. Requests for amounts of coverage other than those to which you are entitled in accordance with this Summary of Coverage cannot be accepted.

The insurance described in this Booklet-Certificate will be provided under Aetna Life Insurance Company policy form GR-29.

**KEEP THIS SUMMARY OF COVERAGE WITH YOUR BOOKLET-CERTIFICATE**

***For Other Covered Medical Expenses***
100% in excess of the copayment amount per prescription or refill as to:

| | |
|---|---|
| Mail Order Drug and Medicine Expenses | |
| Mail Order Drug Pharmacy | Thrift Drug Express Pharmacy Service |
| Brand Name Drugs | 100% after a $5 Copay. |
| Generic Drugs | 100% |

80% as to:
- Convalescent Facility Expenses
- Home Health Care Expenses
- Hearing Care Expenses
- Routine Physical Exam Expenses
- Mammogram Expenses
- All other Covered Medical Expenses for which a Payment Percentage is not otherwise shown.

## Payment Limits

These limits apply only to Covered Medical Expenses for which no benefits are payable because:

- the payment percentage pays for only part of the expenses; or
- the expenses are applied against the person's Calendar Year Deductible before the Limit is met.

They do not apply to these types of expenses:

- those normally payable at a rate of 50%;
- those applied against any Inpatient Hospital Deductible (Penalty);
- those applied against any Excluded Amount (Penalty) because of failure to obtain any necessary certification.

***Payment Limit Which Applies to Expenses For a Person***
When a person's Covered Medical Expenses for which no benefits are paid because of the Payment Percentage reach $ 750 in a calendar year, benefits will be payable at 100% for all of his or her Covered Medical Expenses to which this limit applies and which are incurred in the rest of that calendar year, except those for Non-Preferred Care.

When the amount reaches $ 1,600, then benefits will be payable at 100% for all of his or her Covered Medical Expenses to which this limit applies and which are incurred in the rest of that calendar year, including those for Non-Preferred Care.

***Payment Limit Which Applies to Expenses For a Family***
When a family's Covered Medical Expenses for which no benefits are paid because of the Payment Percentage reach $ 1,500, in a calendar year, benefits will be payable at 100% for all of their Covered Medical Expenses to which this limit applies and which are incurred in the rest of that calendar year, except those for Non-Preferred Care.

When the amount reaches $ 3,200, then benefits will be payable at 100% for all of their Covered Medical Expenses to which this limit applies and which are incurred in the rest of that calendar year, including those for Non-Preferred Care.

## Benefits and Benefit Maximums

Read the coverage section in your Booklet for a complete description of the benefits available.

| | |
|---|---|
| Maximum Convalescent Period | See Booklet |
| Home Health Care Maximum Visits | See Booklet |
| Mammogram | See Booklet |
| Routine Physical Exam | $200 |
| Hearing Care Maximums | |
| Hearing Aid Maximum | $400 |
| Hearing Exam Maximum | $50 |
| Private Room Limit | The institution's semiprivate rate. |

*Lifetime Maximum Benefit:* There is no Lifetime Maximum Benefit (overall limit) that applies to the Comprehensive Medical benefits described in the Booklet. The only maximum benefit limits are those specifically mentioned in your Booklet.

### Pregnancy Coverage

*Health Expense Coverage:* Benefits are payable for pregnancy-related expenses of female employees and dependents on the same basis as for disease. Normally, the expenses must be incurred while the person is covered under this Plan. If expenses are incurred after the coverage ceases, they will be considered for benefits only if satisfactory evidence is furnished to Aetna that the person has been totally disabled since her coverage terminated.

*Prior Plans* : any pregnancy benefits payable by previous group health coverage will be subtracted from health benefits payable for the same expenses under this Plan.

### Sterilization Coverage

*Health Expense Coverage:* Benefits are payable for charges made in connection with any procedure performed for sterilization of a person, including voluntary sterilization, on the same basis as for a disease.

### Comprehensive Dental Expense Coverage

| | |
|---|---|
| Calendar Year Deductible | $ 50 |
| Family Deductible Limit | $ 100 |
| Payment Percentage | |
| Type A Expenses | 100% |
| Type B Expenses | 80% |
| Type C Expenses | 50% |
| Calendar Year Maximum | $ 750 |
| Orthodontic Maximum | $ 750 |
| Lifetime Maximum Benefit | $ 5,000 |

## Adjustment Rule

If for any reason a person is entitled to a different amount of coverage, coverage will be adjusted as provided elsewhere in the group contract, except that an increase is subject to any active work rule or non-confinement requirement described in Effective Date of Coverage.

Benefits for claims incurred after the date the adjustment become effective are payable in accordance with the revised plan provisions. In other words, there are no vested rights to benefits based upon provisions of this Plan in effect prior to the date of any adjustment.

## General

This Summary of Coverage replaces any Summary of Coverage previously in effect under your plan of health benefits. Requests for amounts of coverage other than those to which you are entitled in accordance with this Summary of Coverage cannot be accepted.

**KEEP THIS SUMMARY OF COVERAGE WITH YOUR BOOKLET**

# Additional Information Provided by Jewell Smokeless Coal Corporation

The following information is provided to you in accordance with the Employee Retirement Income Security Act of 1974 (ERISA). It is not a part of your booklet. Your Plan Administrator has determined that this information together with the information contained in your booklet is the Summary Plan Description required by ERISA.

In furnishing this information, Aetna is acting on behalf of your Plan Administrator who remains responsible for complying with the ERISA reporting rules and regulations on a timely and accurate basis.

**Employer Identification Number:**
62-1070598

**Plan Number:**
501

**Type of Plan:**
Welfare

**Type of Administration:**
Administrative Services Contract

**Plan Administrator:**
Sun Coal Company
4711 Old Kingston Pike
Knoxville, TN 37919

**Agent For Service of Legal Process:**
Plan Administrator

**End of Plan Year:**
June 30

**Source of Contributions:**
Non-Contributory

## Claim Procedures

Your booklet contains information on reporting claims. Claim forms may be obtained at your place of employment. These forms tell you how and when to file a claim.

If your claim is denied in whole or in part, you will receive a written notice of the denial from Aetna Life Insurance Company. The notice will explain the reason for the denial and the review procedures.

You may request a review of the denied claim. The request must be submitted, in writing, to the Plan Administrator within 60 days after you receive the notice. Include your reasons for requesting the review.

Your claim will be reviewed and ordinarily you will be notified of the final decision within 60 days of receipt of your request. If special circumstances require an extension of time, you will be notified of such extension during the 60 days following receipt of your request.

## ERISA Rights

As a participant in the group benefits plan you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974. ERISA provides that all plan participants shall be entitled to:

1. Examine, without charge, at the Plan Administrator's office and at other specified locations such as worksites and union halls, all plan documents, including insurance contracts, collective bargaining agreements and copies of all documents filed by the plan with the U.S. Department of Labor, such as detailed annual reports.

2. Obtain copies of all plan documents and other plan information upon written request to the Plan Administrator. The administrator may make a reasonable charge for the copies.

3. Receive a summary of the plan's annual financial report. The Plan Administrator is required by law to furnish each participant with a copy of this summary annual report.

In addition to creating rights for plan participants, ERISA imposes obligations upon the persons who are responsible for the operation of the employee benefit plan.

The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and other plan participants and beneficiaries.

No one, including your employer may fire you or otherwise discriminate against you in any way to prevent you from obtaining a welfare benefit or exercising your rights under ERISA.

If your claim for a welfare benefit is denied in whole or in part, you must receive a written explanation of the reason for the denial. You have the right to have the plan review and reconsider your claim.

Under ERISA there are steps you can take to enforce the above rights. For instance, if you request materials from the plan and do not receive them within 30 days you may file suit in a federal court. In such a case, the court may require the Plan Administrator to provide the materials and pay up to $ 100 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the administrator.

If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court.

If it should happen that plan fiduciaries misuse the plan's money or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor or you may file suit in a federal court. The court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous.

If you have any questions about your plan, you should contact the Plan Administrator. If you have any questions about this statement or about your rights under ERISA, you should contact the nearest Area Office of the U.S. Labor-Management Services Administration, Department of Labor.

# EXHIBIT

# C

21st Jan 26
8:30 AM

County, Virginia

Donita Allen
Deputy Clerk

---

**From:** Jason Gallagher <jason@gallagherlawva.com>
**Sent:** Wednesday, August 13, 2025 6:02 AM
**To:** Thorne, René E. (New Orleans)
**Subject:** Re: Crigger v. Jewell Coal and Coke
**Attachments:** Summary of Coverage.pdf

Good morning.

I apologize for the delayed response. I am attaching one of the documents that I referred to in my letter. This is a document from 1995 and it outlines the eligibility for lifetime medical benefits for retirees and their dependent spouses. All of my clients retired as eligible retirees (55 years old and 15 years of service) and have received medical benefits or a monetary supplement to purchase equivalent insurance since retirement. I am waiting on a couple more documents from my group representatives and will send them as soon as I receive them.

Jason

Jason D. Gallagher, Esq.
GALLAGHER LAW FIRM, PLLC
102 Court St. NE, Suite 201
Abingdon, Virginia 24210
(276) 244-7495 – Telephone
(276) 200-0130 – Fax
jason@gallagherlawva.com

---

**From:** Thorne, René E. (New Orleans) <Rene.Thorne@jacksonlewis.com>
**Sent:** Tuesday, July 29, 2025 4:01 PM
**To:** Jason Gallagher <jason@gallagherlawva.com>
**Subject:** RE: Crigger v. Jewell Coal and Coke

Okay, I'm on. I have another call at 4:30.

JL **René E. Thorne** (She/Her)
Attorney at Law

**Jackson Lewis P.C.**
601 Poydras St.
Suite 1400
New Orleans, LA 70130
Direct: (504) 208-5827 | Main: (504) 208-1755 | Mobile: (504) 400-4653
Rene.Thorne@jacksonlewis.com | www.jacksonlewis.com

**From:** Jason Gallagher <jason@gallagherlawva.com>
**Sent:** Tuesday, July 29, 2025 3:59 PM

**To:** Thorne, René E. (New Orleans) <Rene.Thorne@jacksonlewis.com>
**Subject:** Re: Crigger v. Jewell Coal and Coke

I will be 5 minutes late for our call.

Jason D. Gallagher, Esq.
GALLAGHER LAW FIRM, PLLC
102 Court Street NE, Suite 201
Abingdon, VA 24210
(276) 244-7495 - Telephone
(276) 200-0130 - Fax
jason@gallagherlawva.com

On Jul 28, 2025, at 10:05 AM, Thorne, René E. (New Orleans) <Rene.Thorne@jacksonlewis.com> wrote:

Mr. Gallagher,

My firm has been retained to respond to your June 23, 2025 letter and draft complaint you sent to SunCoke Energy. Do you have time this week to discuss? Tomorrow afternoon before 5:00 ET works for me, as does Wednesday before noon ET.

Regards,

René
[Jackson Lewis P.C.]
René
E.
Thorne
(She/Her)
Attorney at Law

Jackson Lewis P.C.
601 Poydras St.
Suite 1400
New Orleans, LA 70130
Direct: (504) 208-5827 | Main: (504) 208-1755 | Mobile: (504) 400-4653
Rene.Thorne@jacksonlewis.com<mailto:%20Rene.Thorne@jacksonlewis.com> |
www.jacksonlewis.com<https://us.content.exclaimer.net/?url=http%3A%2F%2Fwww.jac
ksonlewis.com%2F&tenantid=bI0ZPnvlEeiAwgANOhMMig&templateid=e4a5384beec7eb1
1a7ad000d3a130311&excomponentid=Xht-oe7KfjufJpWtq-
WrPmDyPwbW85ZNzR4UYa0R_MU&excomponenttype=Link&signature=LpPU6VMbLuOF
Gi7Fi8IckAz4LxnLCbdfx6WqvBp-
DNREPcWxzSl1b12a3HvT49zVrdDNRNrS2_dSYrqwMIqWVvJiTPnFswUbVQ383j6dGD7HVy

W1k5onZ_MEogF8j1zq-JNMuM0dlqpXwUQfI3X8O8h-
2GD1nwKQltR6UdHryVnidJAxZB2gwnwg4ME5upcA4LXpDVPx8QClKBC-
1mT0pngCRLSAsTbQ1JvalWIOL9k4Il0gGvsafFhZpBCUZ2z6JTgkhmFfWzqXkjypjhYLJFBc-
gVOrHojEpA3jZbvrAygY3_9UW8E8rjADw3HGJBNVJ8DiEyyyR2C06uhKQeebA&v=1&imprint
MessageId=b670c131-c114-41f6-830a-80e69969471d>

<Gallagher Draft Complaint and letter_06232025.pdf>

# EXHIBIT

# D

**VIRGINIA:**

**IN THE BUCHANAN COUNTY CIRCUIT COURT**

| | | |
|---|---|---|
| **GEORGE CRIGGER and KATHY CRIGGER,** | ) | |
| **Plaintiffs,** | ) | **Case No. 027CL25000894-00** |
| **v.** | ) | |
| **JEWELL SMOKELESS COAL CORPORATION,** | ) | |
| **Defendant.** | ) | |

21st Jan 26
8:30 am
Donita Allen
Deputy Clerk

**NOTICE OF FILING OF NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that on January 20, 2026, Defendant Jewel Smokeless Coal Corporation ("Defendant") filed a Notice of Removal to remove the above-captioned action to the United States District Court for the Western District of Virginia ("Western District of Virginia"). In accordance with 28 U.S.C. §§ 1331, 1441 and 1446, the Notice of Removal has caused this matter to be removed from this Honorable Court to the Western District of Virginia. A true and correct copy of the Notice of Removal filed is attached hereto as **Exhibit A**.

Because this action has been removed to federal court, this Court may "proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Dated: January 20, 2026

Respectfully submitted,

**JACKSON LEWIS P.C.**

*/s/ Kevin D. Holden*
Kevin D. Holden (VSB No. 30840)
701 East Byrd Street
17th Floor
Richmond, VA 23219
Telephone: (804) 649-0403
Facsimile: (804) 649-0404

***Counsel for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of January, 2026, a true and correct copy of the above pleading was filed in the Court record, with a copy sent via electronic mail, to the following counsel of record for Plaintiffs:

Jason D. Gallagher
GALLAGHER LAW FIRM, PLLC
102 Court St. N.E., Suite 201
Abingdon, VA 24210
jason@gallagherlawva.com

/s/ *Kevin D. Holden*
Kevin D. Holden (VSB No. 30840)

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

George Crigger and Kathy Crigger

**(b)** County of Residence of First Listed Plaintiff: Buchanan County, VA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

James Gallagher, Gallagher Law Firm PLLC, 102 Court St. NE, Ste 201, Abingdon, VA 24210; 276-244-7495

**DEFENDANTS**

Jewell Smokeless Coal Corporation

County of Residence of First Listed Defendant: Richmond County, VA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Kevin D. Holden, Jackson Lewis P.C., P.O. Box 85068, Richmond, VA 21235; 804-649-0403

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)* Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [x] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. §§ 1002, 1003, and 1132

Brief description of cause:
Plaintiffs allege breach of contract claim regarding retiree health care benefits.

**VII. REQUESTED IN COMPLAINT:**

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ $40,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: SEE ATTACHMENT A.

JUDGE ____________ DOCKET NUMBER ____________

DATE: January 20, 2026

SIGNATURE OF ATTORNEY OF RECORD: /s/ Kevin D. Holden

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

**Attachment A to Civil Cover Sheet**
**VII. RELATED CASE(S) IF ANY**

| **Related Case Name** |
|---|
| *George Childress v. Jewell Smokeless Coal Corp.*<br>Removed on 1/20/2026 from Buchanan County Circuit Court |
| *George Crigger and Kathy Crigger v. Jewell Smokeless Coal Corp.*<br>Removed on 1/20/2026 from Buchanan County Circuit Court |
| *John Crigger and Deborah Crigger v. Jewell Smokeless Coal Corp.*<br>Removed on 1/20/2026 from Buchanan County Circuit Court |
| *Willard Hess and Winnie Hess v. Jewell Smokeless Coal Corp.*<br>Removed on 1/20/2026 from Buchanan County Circuit Court |
| *Michael Horne and Pamela Horne v. Jewell Smokeless Coal Corp.*<br>Removed on 1/20/2026 from Buchanan County Circuit Court |
| *James Keen and Jacqueline Keen v. Jewell Smokeless Coal Corp.*<br>Removed on 1/20/2026 from Buchanan County Circuit Court |
| *Michael Lewis v. Jewell Smokeless Coal Corp.*<br>Removed on 1/20/2026 from Buchanan County Circuit Court |
| *Randall Matney and Mary Matney v. Jewell Smokeless Coal Corp.*<br>Removed on 1/20/2026 from Buchanan County Circuit Court |
| *Steve Newberry and Deborah Newberry v. Jewell Smokeless Coal Corp.*<br>Removed on 1/20/2026 from Buchanan County Circuit Court |
| *Michael Gary Prater and Tammy Prater v. Jewell Smokeless Coal Corp.*<br>Removed on 1/20/2026 from Buchanan County Circuit Court |
| *Charles Wayne Pruitt and Judith Pruitt v. Jewell Smokeless Coal Corp.*<br>Removed on 1/20/2026 from Buchanan County Circuit Court |

JacksonLewis

Jackson Lewis P.C.
Richmond Office
(804) 649-0404 Direct
(804) 649-0403 Fax
jacksonlewis.com

PHYSICAL ADDRESS
701 E. Byrd St., 17 fl
Richmond, VA
23219

MAILING ADDRESS
P.O. Box 85068
Richmond, VA
23285

SHIPPING ADDRESS
2050 Magnolia St
Richmond, VA
23223

KEVIN HOLDEN
DIRECT DIAL: 804-212-2888
EMAIL: KEVIN.HOLDEN@JACKSONLEWIS.COM

January 20, 2026

**VIA FAX**

Hon. Beverly S. Tiller, Clerk
Buchanan County Circuit Court
1012 Walnut Street
Grundy, VA 24614

Re: **Notice of Removal Filing George Crigger v. Jewell Smokeless Coal Corporation Case No. CL25-894**

Dear Clerk,

Please find enclosed for filing in the above-referenced matters the Defendant's Notice of Filing of Notice of Removal, which has been filed in the United States District Court for the Western District of Virginia. This filing is made pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and effects the removal of these actions from this Court to the federal court

Pursuant to 28 U.S.C. § 1446(d), upon the filing of the Notice of Removal, this Court may "proceed no further unless and until the case is remanded."

Please file the enclosed Notice and kindly return a file-stamped copy to my attention in the enclosed self-addressed stamped envelope, or via email at Kevin.Holden@jacksonlewis.com.

Should you have any questions or require additional information, please do not hesitate to contact me at 804-212-2888 or Kevin.Holden@jacksonlewis.com. Thank you for your attention to this matter.

Respectfully submitted,

21st Jan 26
8:30 AM
County, Virginia
Donita Allen
Deputy Clerk

Sincerely,

JACKSON LEWIS, P.C.

Kevin D. Holden

KDH/djk
Encl.
cc: Jason D. Gallagher (via email)

*Receipt : 25000006906*



COURT ADDRESS:
P.O. BOX 929
GRUNDY, VA 24614
PHONE # :276-935-6567

**OFFICIAL RECEIPT**
**BUCHANAN COUNTY CIRCUIT COURT**
**CIVIL**

COPY

**DATE :** 11/13/2025 **TIME :** 10:30:25 **CASE # :** 027CL2500089400
**RECEIPT # :** 25000006906 **TRANSACTION # :** 25111300004
**CASHIER :** HXY **REGISTER # :** F335 **FILING TYPE :** COM **PAYMENT :** FULL PAYMENT
**CASE COMMENTS :** CRIGGER, GEORGE v. JEWELL COAL AND COKE CO,
**SUIT AMOUNT :** $40,000.00
**ACCOUNT OF :** CRIGGER, GEORGE
**PAID BY :** GALLAGHER LAW FIRM
**CHECK :** $138.00 **CHECK NUMBER :** 1053
**DESCRIPTION 1 :** COM:COMPLAINT - $0.01 TO $49,999
**2 :** PLAINTIFF: CRIGGER, GEORGE
**3 :** NO HEARING SCHEDULED

| ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|
| 049 | WRIT TAX (CIVIL) | $5.00 |
| 106 | TECHNOLOGY TRST FND | $5.00 |
| 123 | LEGAL AID SERVICES | $9.00 |
| 147 | INDIGENT ASSISTANCE (INA) | $1.00 |
| 170 | COURT TECHNOLOGY FUND | $10.00 |

| ACCOUNT CODE | DESCRIPTION | PAID |
|---|---|---|
| 206 | SHERIFF FEES | $12.00 |
| 219 | LAW LIBRARY | $4.00 |
| 229 | COURTHOUSE MAINTENANCE FEE (CHMF) | $2.00 |
| 304 | CIVIL FILING FEE (LAW & EQUITY) | $90.00 |

**TENDERED : $** 138.00
**AMOUNT PAID : $** 138.00

***CLERK OF COURT :*** *BEVERLY S. TILLER*

# COMMONWEALTH OF VIRGINIA

BUCHANAN CIRCUIT COURT
Civil Division
PO BOX 929
GRUNDY VA 24614
(276) 935-6567

Proof of Service

Virginia:
In the BUCHANAN CIRCUIT COURT

Case number: 027CL25000894-00
Service number: 004
Service filed: November 13, 2025
Judge:

Served by: RICHMOND CITY
Style of case: GEORGE CRIGGER vs JEWELL COAL AND COKE CO, INC

Service on: JEWELL COAL AND COKE CO
CORPORATION SERVICE CO
REGISTERED AGENT
100 SHOCKOE SLIP
FLOOR 2
RICHMOND VA 23219

Attorney:

Instructions:

Returns shall be made hereon, showing service of Summons issued Thursday, November 13, 2025 with a copy of the Complaint filed Thursday, November 13, 2025 attached.

Hearing date :
Service issued: Thursday, November 13, 2025

For Sheriff Use Only

# COMMONWEALTH OF VIRGINIA

BUCHANAN CIRCUIT COURT
Civil Division
PO BOX 929
GRUNDY VA 24614
(276) 935-6567

Summons

To: JEWELL COAL AND COKE CO
CORPORATION SERVICE CO
REGISTERED AGENT
100 SHOCKOE SLIP
FLOOR 2
RICHMOND VA 23219

Case No. 027CL25000894-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, November 13, 2025

Clerk of Court: BEVERLY S. TILLER

by Donita Allen
(CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name:

# CITY OF RICHMOND

## OFFICE OF THE SHERIFF

1701 FAIRFIELD WAY
RICHMOND, VIRGINIA 23223
ANTIONETTE V. IRVING, PHD - SHERIFF

We are returning the enclosed _✓_Court Paper(s) _II services_ Document(s) _____Check(s) for the reason checked below.

___We do not serve P.O. Box numbers. A street address is needed for service.

___Address given does not exist in the City of Richmond.

___Proof of service sheet or copy upon which to make a return needs to be attached to Circuit Court papers.

____Service copy needed for service.

___$12.00 Sheriff's fee needed per document.

___$28.00 fee is needed for each defendant. Payment made payable to the Division of Motor Vehicles.

___$28.00 fee is needed for service. Payment made payable to the Secretary of the Commonwealth.

___$30.00 fee is needed for each defendant. Payment made payable to the State Corporation Commission.

___All sheriff's fees for General District, Juvenile & Domestic Relations and Circuit Courts are paid through the appropriate court, not through the Sheriff's Office.

___We do not send out or have a mailing list for auctions. All auctions are listed in the Richmond Sunday Times-Dispatch Classified section.

___Business does not exist at the indicated address.

___We do not serve papers marked "Third Party Service".

_✓_Other _No Complaint attached. - Unable to serve._

Returned by: _Dep E Lee_ Date: _11-26-2025_

RETURNED AND FILED
_9th_ day of _Dec._ 20_25_
_4:56_ o'clock _pm_
Beverly S. Tiller, Clerk
Circuit Court of Buchanan County, Virginia
_Beverly S. Tiller_

# COMMONWEALTH OF VIRGINIA

BUCHANAN CIRCUIT COURT
Civil Division
PO BOX 929
GRUNDY VA 24614
(276) 935-6567

SHERIFF'S OFFICE
2025 NOV 25 AM 10:31
CIVIL PROCESS

## Proof of Service

Virginia:
In the BUCHANAN CIRCUIT COURT

Case number: 027CL25000894-00
Service number: 004
Service filed: November 13, 2025
Judge:

Served by: RICHMOND CITY
Style of case: GEORGE CRIGGER vs JEWELL COAL AND COKE CO, INC
Service on: JEWELL COAL AND COKE CO
CORPORATION SERVICE CO
REGISTERED AGENT
100 SHOCKOE SLIP
FLOOR 2
RICHMOND VA 23219

Attorney:

Instructions:

Returns shall be made hereon, showing service of Summons issued Thursday, November 13, 2025 with a copy of the Complaint filed Thursday, November 13, 2025 attached.

Hearing date :
Service issued: Thursday, November 13, 2025

---

For Sheriff Use Only

# COMMONWEALTH OF VIRGINIA

BUCHANAN CIRCUIT COURT
Civil Division
PO BOX 929
GRUNDY VA 24614
(276) 935-6567

Summons

To: JEWELL COAL AND COKE CO
CORPORATION SERVICE CO
REGISTERED AGENT
100 SHOCKOE SLIP
FLOOR 2
RICHMOND VA 23219

Case No. 027CL25000894-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, November 13, 2025

Clerk of Court: BEVERLY S. TILLER

by ______________________
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name:

# COMMONWEALTH OF VIRGINIA

BUCHANAN CIRCUIT COURT
Civil Division
PO BOX 929
GRUNDY VA 24614
(276) 935-6567

Proof of Service

Virginia:
In the BUCHANAN CIRCUIT COURT

Case number: 027CL25000894-00
Service number: 005
Service filed: November 13, 2025
Judge:

Served by: RICHMOND CITY
Style of case: GEORGE CRIGGER vs JEWELL COAL AND COKE CO, INC
Service on: JEWELL COAL AND COKE CO
CORPORATION SERVICE COMPANY
REGISTERED AGENT
100 SHOCKOE SLIP
FLOOR 2
RICHMOND VA 23219

Attorney:

Instructions:

Returns shall be made hereon, showing service of Summons issued Wednesday, December 10, 2025 with a copy of the Complaint filed Thursday, November 13, 2025 attached.

Hearing date :
Service issued: Wednesday, December 10, 2025

---

For Sheriff Use Only

# COMMONWEALTH OF VIRGINIA

BUCHANAN CIRCUIT COURT
Civil Division
PO BOX 929
GRUNDY VA 24614
(276) 935-6567

## Summons

To: JEWELL COAL AND COKE CO
CORPORATION SERVICE COMPANY
REGISTERED AGENT
100 SHOCKOE SLIP
FLOOR 2
RICHMOND VA 23219

Case No. 027CL25000894-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Wednesday, December 10, 2025

Clerk of Court: BEVERLY S. TILLER

by ______________________________
(CLERK/DEPUTY CLERK )

Instructions:

Hearing Official:

Attorney's name: